The opinion of the Court was delivered by
Gibson J.
The plaintiffs declared against the defendants for money had and received, and having given evidence which the defendants supposed tended to impeach the honesty of Gilkeson, their testator, they, in the course of the cross-examination of one of the plaintiff’s witnesses asked him what was the general character of Andrew Gilkeson, the testator. This question was objected to, but the Court suffered it'to be answered, and the plaintiffs took an exception. But the Court, before the bill of exceptions was actually sealed, being of opinion that the evidence was improperly admitted, instructed the jury, that they ought to dismiss it from their minds and pay no regard to it.
There cannot be the least doubt but the evidence was improperly received. Gilkeson’s general character was not put in issue by the nature of the action ; and it never was pretended, that where a party is incidentally charged by the evidence, with the commission of a particular fraud, that the charge can be rebutted by evidence of general good character. To this rule, I know of no exception. It is however contended, that the error committed in the first instance was Cured by the subsequent direction of the Court, as to the effect it ought to have. Independent of the technical argument that a bill of exceptions, is, in contemplation of law, supposed to be sealed the instant it is taken, although for the sake of convenience it may be reduced to form and sealed at any time before the jury come to the bar, I am of opinion, that the error originally committed could not be cured by any after act. The impression made by the evidence could not in the nature of things be entirely removed ; at least we cannot be judicially certain, that it had not some effect on the mind of the jury, and the quantum of that effect is immaterial, provided it had any. The case of a witness, discovered in the course of his examination to be interested, is by no means analogous, for the objections to his competency not being established when he was called to be sworn, there is no error in admitting him, and the only remedy in the power of the Court is, to give such a direction as was given here. But the case of Shaffer v. Kreitzer, 6 Binn. 431. is exactly like the present. The *355 judgment there, was not reversed, because there was a perseverance in error on the part of the Court, but because the error originally committed was, (notwithstanding the direction of the Court, that the jury should disregard the evidence,) prejudicial to the plaintiff in error, and for the very reason urged here, that it was impossible for the jury to divest themselves of the effect of the evidence. This ingenious distinction, therefore, will not avail.
The second exception cannot be sustained. The notice to be given of the time and place of taking depositions is governed by the rules of the Court who grant the order. On recurring to the rules of the seventh district, we find the notice is expressly required to be given to the party. Here it was served on the attorney, and the'deposition was therefore properly rejected.
Judgment reversed, and a .venire facias de novo awarded.