The opinion of the Court was delivered by
Gibson J.
According to our practice, service of notice on the attorney, is held insufficient in the case of depositions, only where the attorney has objected at the time of the service. To be exempt from the trouble and responsibility of transmitting the notice to his client, is a personal privilege, which, if he please, he may waive ; and he does tacitly waive it by not objecting: otherwise the adverse party might be taken by surprise. The silence of the attorney therefore is equivalent to an agreement; which will bind his client. But here the case is stronger, for there was an express recognition of the notice by the attorney. On every principle, then, this act of his shall bind. There may be cases where acceptance of notice by the attorney, likp every other act of his, may be invalid by reason of its having been obtained by fraud ; but I see nothing in the case before us, to distinguish it from any other. The fact of Mr. Graham¿ the attorney, being too ill to attend to business, has no weight: he ought to have told the adverse party that he was so, and have desired him to serve the notice on his client. Neither can we infer a fraudulent intention from the circumstance that it would have cost the defendant little more trouble to- serve the notice on the plaintiff himself; for in the country, notice is frequently served on the attorney and received without objection : and as to a party being prevented, by some one of the innumerable accidents to which human affairs are subject, from attending at the time and place appointed, it is a matter of every day occurrence, and therefore not a circumstance to induce a suspicion of fraud.
Then as to the objection that it does not expressly appear by the deposition itself, that it was taken at the place specified in the notice : that was a matter’which the Court below, on a suggestion from the adverse party, would have inquired into; and if the inquiry had in fact been made, and the deposition had been rejected on that ground, it would have presented another sort of case. But it is not essential that *43 the time and place of taking, should appear on the face of the deposition: it lies on the party objecting to shew the gularity : and here nothing of the kind was attempted.
Judgment reversed, and a venire facias de novo awarded.