*128 The opinion of the court was delivered by
Huston, J.
The plaintiffs offered in evidence the commission to take the deposition of a witness in Baltimore. This was objected to, because notice of the commission and interrogatories was not served agreeably to the rule of court. The proof was that the notice was served on defendant’s attorney, who made no objection to receiving it whatever. The rule of court in this county on the subject is a copy of the rule of the Circuit Court of the year 1805, and requires the notice to, be served on the adverse party. That rule was well understood — under it a notice on the attorney was not good, and to remedy this the Circuit Court, in 1811, made another rule that the notice might be served on the party or his attorney. The difference between a service on the party, and on his attorney, is well understood; several of the rules of this court express that the notice may be served on the party, and Others may be served on the party or his attorney. The same distinction will be found in several of our acts of assembly, particularly in the arbitration act, and its supplements. But it is said there is a decision of this court, 8 Serg. & Rawle, 41, that service on an attorney is good unless he objects. I would observe that a notice may be, and often is given to an attorney, when engaged in another matter, and he receives it without knowing at the time what it is. No rule of court is mentioned, or alluded to in 5 Serg. & Rawle; of course it decides that in the absence of any rule on the subject, a notice to take depositions, like any other notice in a cause, may be served on the party or his attorney, and be good, especially if the latter on receiving it makes no objection. That this was the meaning of the court, will appear by referring to 5 Serg. & Rawle, 352, where it is expressly decided that where the rulé of court prescribes notice on the party, a notice on the attorney is not good. There was then no error in rejecting this deposition. Where the court who made the rule decide on a printed rule of their own court, we will not readily reverse their decision. And in this case it is a rule adopted from another court, who had put the same construction on it, and made a new rule to get clear of that construction.
Two positions were stated to the court as being law, and the court gave an opinion on each against the plaintiffs, and were right in each case.
When a party calls for the account of his opponent, and on its being produced, reads it to the jury, it may generally be considered as making it to some extent, evidence; but where suit is brought on what is alleged to be the balance of an account, and the defendant alleging that not to be the true balance; or where the defendant alleges that an. account of the plaintiff, which he did not originally object to from ignorance or mistake, is erroneous, and calls for it expi’essly to disprove some of the items, and the amount *129 charged on every one of them, and does give evidence to this effect, it would have been a great error in the court to tell the jury, that the fact of the defendant calling for it, to disprove it, was any evidence of its correctness. The jury are always to judge from the whole evidence. It is now too common to select a part of the testimony, and ask the court to give an opinion on that part alone. It was perfectly immaterial what would have been the effect of this account if read alone. The true question was, what was the effect of it taken in connexion with the other testimony in the cause, and considering the purpose for which it was called and read.
The next point does not arise in the cause. There is no proof that the plaintiffs were induced by the defendant to come from Baltimore to Columbia. But if there was, a tradesman who moves from one pjirt of the country to another, and there does work without any agreement as to price, is entitled to the usual price of the place where the work is done, and not the price of the neighbourhood from which he removed. This was decided here, and will be found in 12 Serg. & Rawle, 409.
Judgment affirmed.