the judgment of the court, overruling the demurrers, raises the only question for consideration. The grounds of demurrer are that the matters alleged to have been falsely sworn to were immaterial. The indictment shows that one Joe Waits was on trial for the offense of selling or giving spirituous, vinous, or malt liquors to the present defendant, a minor, and the first count charges that on said trial the defendant falsely swore "that said Joe Waits did not sell or give him any whiskey, and that he had no understanding whatever with said Joe Waits where whiskey could be found by him," and the second count charges that he falsely swore "that he did not give Joe Waits any money for whiskey." The demurrers were properly overruled. The indictment conforms to the form given in the Criminal Code for an indictment for perjury, and accords with the rule declared in section 3908, Crim. Code. The matter falsely sworn to is distinctly stated, its materiality averred, and considered in connection with the character of the offense for which Joe Waits is on trial, the materiality of the matter is apparent.

Affirmed.

# Funderberg *v.* The State.

## *Indictment for Gaming.*

1. *Evidence of Good Character.*—In a criminal trial it is competent for the defendant to introduce evidence of his previous good general character, but where he has offered himself as a witness, and no effort is made by the State to impeach him, it is not competent for him to introduce evidence of his good character for *truth and veracity*, notwithstanding his testimony may be in conflict with that of other witnesses.

APPEAL from the City Court of Anniston.
Tried before the Hon. JAMES W. LAPSLEY.

JOHN F. METHVIN for the appellant.

WM. L. MARTIN, Attorney-General, for the State.

HEAD, J.—The defendant, as all defendants in criminal trials are privileged to do, could have introduced evidence, available to him, of his previous good general character, to

1893.]    OF ALABAMA.    37

[Roberson v. The State.]

be considered by the jury in connection with the other evidence in determining the question of guilt or innocence. It is his *general* character, we say, not particular traits of character, which he may thus put in issue. In the present case, the defendant became a witness in his own behalf, and, to bolster up his testimony, undertook to prove by witnesses that he was a man of good character *for truth and veracity.* This was not allowable. He had not been, or attempted to be, impeached as a witness, by the State, either by the introduction of evidence of bad character on his part, or of statements made by him out of court, contradictory of his testimony on the trial ; without which he would not be permitted to sustain himself as a witness, by proof of his good character for truth and veracity. The fact that his testimony conflicted with that of other witnesses gave him no right to introduce evidence of his character. That constituted no impeachment. If the defendant desired to avail himself of good character to be considered by the jury, as a fact, on the question of guilt or innocence, which we have said he had a right to do, he should have introduced his *general* character, not limited to truth and veracity.

There is no error in the record and the judgment is affirmed.

Affirmed.

# Roberson v. The State.

*Prosecution for Violation of Local Prohibition Law.*

1. *Construction of Prohibition Statute.*—Under the Statute (Acts 1880 81, p. 148) making unlawful the "selling, giving away, or otherwise disposing of" liquor without a license, a sale imports a transfer of the property upon a valuable consideration, and a gift a transfer of it, gratuitously or upon a good, as contradistinguished from a valuable, consideration ;" and the words "otherwise dispose of," a larger legislative intention not being clearly expressed, must be construed as extending to a disposition *ejusdem generis* with a sale or gift, and are not to be extended to any and every act which may be said to be a disposition.

2. *Same.*—Where the defendant kept a barber shop within the prohibition district, and kept whiskey there belonging to his customers, for their convenience, to come and drink when they chose, and he allowed others to come to his shop and ask for whiskey, when he would tell them he had none, but that there was whiskey of other customers in a box, and those calling for it, would, with the knowledge of de-