# Hays v. State.

*Indictment for Larceny.*

1.   *Larceny; hearsay evidence.*—On a trial under an indictment for larceny, testimony as to a conversation between the owner of the stolen property and the person by whom the stolen articles were discovered in defendant's basket, with reference to such articles, at the time of the discovery, is inadmissible as hearsay evidence.

2.   *Character; evidence as to truth and veracity admissible only where character therefor assailed.*—As a fact bearing upon the question of innocence or guilt, a defendant may prove his good character; but he can not prove his good character for truth and veracity, unless his character in this respect is first assailed.

APPEAL from the City Court of Montgomery.

Tried before the Hon. JOHN G. WINTER.

The appellant was indicted, tried and convicted of larceny from a store-house. The tendencies of the State's evidence and the facts of the case pertaining to the rulings of the court upon the testimony of the witnesses Jacobi and Williams are sufficiently stated in the opinion.

The defendant introduced as a witness in his own behalf, Mr. George Cook, who testified that he knew the general character of the defendant, and that it was good ; that it was good for honesty. Thereupon the defendant asked the witness : "If he knew the defendant's general reputation for truth and honesty?" The State objected to that part of the question asking "for truth," on the ground that said question was illegal. The defendant declined to separate the question, and the court sustained the objection, and the defendant duly excepted to its ruling. Among the charges requested by the defendant, and to the refusal to give each of which the defendant separately excepted, was the following : "The court charges the jury that the defendant has a right to prove his good character, and in connection with the testimony, may thereby generate a reasonable doubt as to his guilt, and if you have a reasonable doubt as to defendant's guilt, based upon his good character, then they must acquit the defendant."

No counsel marked as appearing for appellant.

WILLIAM C. FITTS, Attorney-General, for the State.—1. There had been no attempt to impeach the character of the defendant for truth and veracity, and therefore there was no error in refusing to allow him to introduce evidence of his good character in that particular.—*Frinderberg v. State*, 100 Ala. 36.

2. All the charges asked in this case upon the subject of the measure of proof, and of the reasonable doubt over-shot the law and demanded too high a measure of proof. In the excellent opinion in the case of *Webb v. State*, 106 Ala. 52, will be found an adequate answer to this set of charges as requested in this particular case.

3. The remaining charge which attempted to give undue prominence to the testimony of good character, was properly refused under the following authorities :—*Grant v. State*, 97 Ala. 35 ; *Goldsmith v. State*, 105 Ala. 8 ; *Scott v. State*, 105 Ala. 57 ; *Webb v. State*, 106 Ala. 52.

[Hays v. The State.]

COLEMAN, J.—The appellant was indicted and convicted of larceny from a storehouse. The evidence shows that the defendant was in the employment of one E. H. Jacobi, who was engaged in business as a grocery merchant; and it seems that defendant had his meals brought to him in a basket to the store. A clerk in the store, one Williams, discovered a quantity of lard concealed in the bottom of the basket of the defendant, covered over with cloths and plates, &c. Williams communicated the discovery of the lard in the basket of defendant to Jacobi. At the time of the discovery of the lard in the basket, the defendant was absent and not within hearing of the parties. Against the objection of the defendant, Jacobi was allowed to testify that "he said to Williams, 'leave the lard in the basket, just as you found it, and carry it back and put it on the top of the ice box.'" Williams was allowed to testify, among other things, to the same statement. This was clearly hearsay evidence, and not only not admissible, as hearsay, but was calculated to injure the defendant. It was calculated to impress the jury with the belief that these witnesses corroborated each other, and corroboration in irrelevant or immaterial matters is calculated to add weight to other facts testified to by the witnesses, although as to such other facts there may not be corroboration. It furnishes an illegitimate argument before the jury. It was entirely competent to prove as a fact that the basket was carried and put on the ice box and watched, but the conversation was inadmissible.

A defendant may prove his good character as a fact, bearing upon the question of innocence or guilt, but a defendant cannot prove his good character for truth and veracity, unless it is first assailed: Permissible instructions to the jury, relative to the effect of good character upon the question of guilt or innocence, have been so often defined and explained, that we deem it unnecessary to do more than cite the authorities.—*Goldsmith v. State,* 105 Ala. 8 ; *Scott v. State, Ib.* 57 : *Webb v. State* 106 Ala. 52.

Reversed and remanded.