# McCullars *v.* Jacksonville Oil Mill Co.

## *Assumpsit.*

(Decided Dec. 8, 1910.   53 South. 1025.)

1. *Compromise and Settlement; Evidence.*—In an action on a note where the only issues were as to the terms of a settlement reached between the parties and whether a memorandum thereof had been altered, it was immaterial to any issue presented to permit the defendant to go into proof of a contract with and a sale of an engine and boiler to a third party.

2. *Same.*—Where the action was on the note and the issue was as to whether there was a settlement of all matters including the note, it was competent for a witness to testify as to what the entire indebtedness was on the date of the same.

3. *Same.*—Where the action was on a note and the dispute was as to whether there was a settlement, testimony as to what the agreement was was of the very gist of the issue.

4. *Witnesses; Credibility; Cross Examination.*—Where a defendant had not fully complied with the terms of the settlement and a person tried to collect a note after settlement, the fact as to whether he sent the notice individually or as an agent was not material to

[McCullars v. Jacksonville Oil Mill Co.]

any issue and was, therefore, not competent as going to the credibility of the witness.

5. *Same; Impeachment; General Character.*—Until the character of a witness has been attacked by the opposite party and thus becomes an issue in the case, evidence to sustain the general character of such witness is not admissible; nor will the mere contradiction of one witness by another authorize proof of good character as to either.

6. *Evidence; Custom; Materiality.*—A custom of a witness to submit papers to another for his inspection would not be binding on the parties to the suit, and hence, it is immaterial that a witness who testified that he had shown a disputed memorandum of settlement to another person, was accustomed to submit papers to such third person.

7. *Same; Parol to Vary Writing.*—A memorandum reciting that it was incomplete and was to be perfected by a later writing, which was never made, may be explained by parol.

8. *Charge of Court; Covered by Those Given.*—Where the court has already charged twice on a proposition, it will not be put in error for refusing three other requested charges asserting the same legal proposition although all five may have been couched in slightly different language.

APPEAL from Anniston City Court.

Heard before Hon. THOMAS W. COLEMAN, JR.

Assumpsit by the Jacksonville Oil Mill Company against D. J. McCullars. Judgment for plaintiff and defendant appeals. Affirmed.

TATE & WALKER, for appellant. Counsel discuss assignments of error relative to evidence and to refused charges, but cite no authority except in support of the proposition that the court erred in declining to let it be shown that the general character of a witness is good, and that on such character he was worthy of belief, and as to this proposition they cite *Hadjo v. Gooden,* 13 Ala. 718; *Lewis v. The State,* 35 Ala. 380; *Holly v. The State,* 105 Ala. 100; *Townes v. The State,* 111 Ala. 4.

KNOX, ACKER, DIXON & BLACKMON, for appellee. The amount of indebtedness was of the gist of the issue.— 2 Cyc. 247; 20 Conn. 90. The agreement made at the

time of the settlement was competent.—*Mayes v. Henry,* 96 Ala. 459. It was competent to introduce evidence explaining the memorandum.—2 Cyc. 247; T A. & E. Enc. of Law, 270; 69 Miss. 277. There was no error in refusing proof of character.—*Owens v. White,* 28 Ala. 418; *B. R. & E. Co. v. Ellard,* 135 Ala. 433; *So. Ry. Co. v. Hobbs,* 151 Ala. 335 Counsel discus charges but without citation of authority.

MAYFIELD, J.—This action was upon a note, made by appellant to appellee, for fertilizer sold by the latter to the former. The appellant owed appellee several amounts, besides this note, one being for an engine and boiler (secured by notes and mortgage upon the property), and others for money advanced by appellee to appellant as agent, which was to be used in the purchase of cotton seed for appellee.

While these several debts were outstanding, appellant and appellee had a settlement and adjustment of matters; and a memorandum was made of the settlement, at the time, which was signed alone by the agent of the appellee. The memorandum, when offered in evidence, read as follows: "D. J. McCullars to have fertilizer note, pay $35.50, and get his fertilizer and mortgage notes; engine and boiler to belong to us. Proper papers to complete the transaction to pass as soon as possible. Jacksonville Oil Mill Company, by Geo. P. Ide, Pt." Appellee claimed that the memorandum did not correctly express the terms of the settlement; that by reason of alteration it did not express the terms of the settlement; that it should read as follows: "D. J. McCullars to pay fertilizer note, get $35.50, and get his fertilizer and mortgage notes; engine and boiler to belong to us. Proper papers to complete transaction to pass as soon as possible. Jacksonville Oil Mill Company, by Geo. P. Ide, Pt."

[McCullars v. Jacksonville Oil Mill Co.]

It will be observed that there is no difference as to the fact that the debt for the engine and boiler was to be settled, and the engine and boiler delivered to the payee and the mortgagee; the main difference being as to whether the debt for the fertilizer, evidenced by the note sued on, was to be settled by the agreement, and to be delivered to the payee on the payment of $35.50, or whether it provided for the payment in full before delivery. The only real controversy between the parties was upon the effect and terms of this settlement, and whether the memorandum as it now appears expressed the terms, or whether it had been altered.

The court did not err in declining to allow defendant to go into proof of a contract with, and sale of the engine and boiler to, one Bridges. Such evidence was aliunde the issue. It would have tended to becloud the real issue.

There was no error in allowing the question to the witness Ide as to what the entire indebtedness of defendant to plaintiff was, on the day of the settlement, nor in allowing him to answer. This was the witness who made the settlement for plaintiff with the defendant, and it was the terms of this settlement which was the matter in dispute. If there had been no dispute as to the terms of this settlement, the amount of indebtedness might have been immaterial; but these were controverted. The two parties to the settlement differed, and it was proper for the jury to know all the facts attending the making of it, and contention of each party as to the terms and the amount of the indebtedness might be very material to the jury's determination of the conflict between the parties as to the terms of the settlement.

For the same reason there was no error in overruling defendant's objection to the question, propounded to the

same witness, as to what was the agreement between himself and defendant as to the settlement. That was the very gist of the issue, and this witness was competent to testify touching it.

The written memorandum was not such an instrument as that its terms could not be explained by parol evidence. It recites that it was incomplete, and was to be perfected by later writings, which were never done. —*Maness v. Henry*, 96 Ala. 459, 11 South. 410. It was also contended that the memorandum had been altered.

The court did not err in declining to allow the defendant to ask the witness Ide if the notice was sent out by him individually. It was wholly immaterial whether it was sent individually, or as agent. It did not, as contended by appellant, go to the credibility of the witness.

It was wholly immaterial to the issue in this case whether the witness Ide was trying to collect this note individually, or as the agent of the plaintiff, or of a collecting bank, or as to what was the capacity in which he acted in sending out the notices to defendant as to this and other notes. It was wholly immaterial in what capacity he was acting at that time. It was long after the settlement, as shown by the defendant himself, and when defendant had not fully complied with the settlement as to this note in question. Such evidence would have lugged into the trial an immaterial issue, and would not, as contended by appellant, have gone to the credibility of the witness, no matter in what capacity he acted in sending out such notices.

It was immaterial as to the custom of Ide to submit other papers to the witness Privett for inspection. Such custom between the witnesses would not be binding on the parties to this suit. Privett testified that he saw the memorandum and read it, and was therefore competent

to testify as to its contents when executed; and a custom to submit other papers to him was wholly immaterial.

The trial court correctly ruled that defendant could not introduce proof of his general character. The plaintiff had made no attempt to impeach defendant as a witness, nor was his character an issue on the trial. Evidence to sustain the general character of a witness is not admissible until the character of such witness has been attacked by the opposite party. Nor is evidence of the general character of a party admissible when that character is not an issue to be tried, or unless he is a witness, and then only so far as he is a witness. Such sustaining evidence of character is governed by the same rules of evidence as apply to other witnesses. It was announced early in this state (*Rhodes v. Ijames*, 7 Ala. 574, 42 Am. Dec. 604) that in civil cases evidence of the general character of a party is not admissible, unless the nature of the action involves the general character of the party, or goes directly to effect it, and that the character of a party is not placed in issue until it is attacked by the other party, by the pleadings, or by the evidence on the trial.

While it is true, as argued by appellant, that there was evidence in this case tending to show an alteration of the memorandum, and that the evidence of the witness Ide and that of the defendant was in conflict on this subject, yet it did not warrant proof to support the general character of either of the witnesses. The mere contradiction of one witness by another does not authorize proof of good character as to either.—*Bell v. State*, 124 Ala. 94, 27 South. 414.

Charges "a," "b," and "c," refused to the defendant, all asserted the same proposition of law, and the same proposition of law asserted by charges 1 and 2, which

were given at the request of the defendant. The only proposition of law asserted by any one of these charges was that, if by the agreement and settlement between Ide and defendant the note sued on was to be canceled or surrendered, the plaintiff could not recover. This was a correct proposition of law, and the court charged it twice at the request of the defendant, and should not be put in error for refusing the same charge three times thereafter. It is true that the language is a little different in each of the five charges, but the legal effect of all is the same. They are in law substantially the same charge.

Charges "a" and "b" are probably argumentative, and were properly refused for that reason. While it would not have been error to give either, the court will not be put in error for refusing them.

We find no reversible error in the record, and the judgment must be affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and McCLELLAN, JJ., concur.