[Hodges v. Davis.]

# Hodges *v.* Davis.

### Trover and Conversion.

(Decided April 19, 1917.   75 South. 300.)

1. **Trial; Instructions; Invading Jury's Province.**—Plaintiff testifying that a payment was made on agreement that it be applied on a certain account, defendant's requested instruction that it was to be applied on another, in accordance with his testimony, invaded the province of the jury.

2. **Appeal and Error; Discretion of Court; Cross-Examination.**—The extent of cross-examination resting largely in the trial court's discretion, allowing question on cross-examination, if witness came there to testify, does not call for review.

3. **Witnesses; Credibility; Evidence of Good Character.**—Proof of good character of witness may be given only after it has been in some manner impeached or put in issue, and not merely because his testimony conflicts with that of another.

APPEAL from Tuscaloosa County Court.

Heard before Hon. BERNARD HARWOOD.

Action by C. M. Davis against U. S. Hodges. Judgment for plaintiff, and defendant appeals. Affirmed.

Suit by appellee against appellant to recover damages for the wrongful taking and conversion of certain personal property, machinery for a sawmill, etc., set out in the complaint, which the plaintiff in the court below had procured from the defendant under the provisions of a written contract designated as a contract of lease and conditional purchase, which provided for a lease of certain property for a period of 20 months, and the consideration of the payment of $1,900, payable in monthly installments, and further providing that in the event lessee paid in full all the rentals stipulated in the contract at maturity, the lessor agreed to convey said property to the lessee, executing a bill of sale therefor. The lessor, defendant in the court below, insisted that the plaintiff lessee had failed to pay the installments provided for in the contract, and under the authority of the said contract he took possession of the property, testifying that there was due thereon at that time about $200. He further testified that in connection with his business he ran a commissary, and that the plaintiff purchased goods thereat, and that they had an agreement to the effect that any payments in cash

or by lumber by the plaintiff were first to be applied to the commissary account. The plaintiff testified that he had paid in full the sum due under said contract, having paid $1,931, by paying off some of a series of notes evidencing said indebtedness which were on deposit in a bank in Birmingham, and paying the balance due on said notes by a sale and delivery of lumber to the defendant, which the defendant agreed to accept in payment of said balance; that the plaintiff and the defendant had a settlement on July 20, 1913, and that they came to an agreement that the plaintiff owed defendant, at that time, the sum of $82, as a balance due on the sawmill and equipment purchased under the above-mentioned contract, which sum plaintiff paid in full; that this balance of $82 was paid over by sale and delivery of lumber under the above-mentioned agreement; "* * * that the defendant accepted the lumber in full settlement of the balance due on the contract with reference to said sawmill and equipment; * * * that he stacked the lumber on the yards as suggested by the defendant in settlement of said balance." The issue as to the payment vel non of said indebtedness was submitted to the jury for their determination under the instructions of the court. Charge 7, refused to the defendant, reads as follows:

"I charge you, gentlemen of the jury, that any amount of money, or any payment made by delivery of lumber by Davis to Hodges, that such payment is first to be applied on the commissary account of Hodges against Davis."

On cross-examination of the witness for the defendant, plaintiff's counsel asked the question: "You were up here testifying, trying to get him out of that other contract?" Objection was made on the ground that it was irregular, illegal, incompetent, and immaterial, which objection was overruled. The following question was then propounded, "Did you come up here to testify?" to which the witness answered, "Yes, sir." There was verdict and judgment for plaintiff in the sum of $500, and defendant prosecutes this appeal.

MOODY & MOODY for appellant. DE GRAFFENRIED & WRIGHT and FRED FITE for appellee.

GARDNER, J.— (1) According to the testimony of the plaintiff set out in the foregoing statement of the case he had, on July 20, 1913, paid the amount due with the exception of $82 upon the contract here involved, and this balance was paid in full

[Smith v. Davis, et al.]

pursuant to agreement of the parties, by a delivery of lumber to the defendant, who accepted the same in full settlement of the balance due on said contract. Clearly, therefore, charge 7 was properly refused as invasive of the province of the jury.

(2) Under the well-established rule in this state a wider latitude is allowed upon a cross-examination of a witness than upon a direct examination, and the extent of the same is a matter that must, of necessity, largely rest within the discretion of the trial court.—*Cox v. State,* 162 Ala. 66, 50 South. 398; *Wilson v. State,* 195 Ala. 675, 71 South. 115. It is very clear that there was no abuse of this discretion in the ruling of the court as to the question asked on cross-examination by the plaintiff of defendant's witness, as above set out, as to call for a review thereof by this court.

(3) Two witnesses for defendant were asked by his counsel if they knew the general reputation of defendant in the community in which he resided, to which objection was sustained. Assuming, of course, that these questions were asked with the intent of proving defendant's good character, there was no error in this ruling of the court. Defendant's good character had not been in any manner impeached or put in issue on the trial of the case, and the mere fact that his testimony was in conflict with that of the plaintiff did not authorize proof of his good character. —*McCullars v. Jacksonville Mill Co.,* 169 Ala. 582, 53 South. 1025.

We find no error in the record, and the judgment is accordingly affirmed.

Affirmed.

ANDERSON, C. J., and MCCLELLAN and SAYRE, JJ., concur.