## HENDERSON v. STATE. (6 Div. 166.)

(Court of Appeals of Alabama. Jan. 9, 1923.)

1. **Criminal law ⬅️448(11)—Question as to whether witness saw accused in possession of still calls for conclusion.**

A question as to whether witness saw defendant in the possession of a still calls for a conclusion as to the question at issue before the jury, and was subject to timely objection on that ground.

2. **Criminal law ⬅️1036(6)—Objection must be made to question before it is answered.**

Objections to testimony, to be available, must be timely, since accused cannot speculate on the answer of a witness to an illegal question, and, if that is unsatisfactory, get the benefit of an exception, so that the asking of a question calling for a conclusion does not require reversal, where no objection was made until after the witness had answered.

3. **Criminal law ⬅️1045, 1054(1)—Ruling on objection and exception are essential to review.**

It is essential to review by the Court of Appeals that the lower court ruled on the objection to a question asked the witness, and that an exception was reserved.

4. **Criminal law ⬅️475—Witness held qualified to testify still was suitable for making whisky.**

A witness who qualified as to his knowledge of how whisky was made could testify as an expert that the still which he described was suitable for making whisky.

5. **Criminal law ⬅️517(1)—Question as to whether defendant made statement held proper preliminary to introduction of confession.**

A question by the state as to whether defendant ever made any statement after he was arrested was properly permitted as a preliminary question to proof of a confession.

6. **Witnesses ⬅️318—Defendant cannot prove good character for veracity until it is assailed.**

Though a defendant may prove his good character as a fact affecting the question of his

guilt or innocence, he cannot prove his good character for truth and veracity until it has been first assailed.

7. **Witnesses ⬅️318—Proof of previous incriminating statement by defendant does not authorize proof of good character for truth.**

Proof by the state of a statement made by defendant, which was of an incriminating nature, before he had been examined as a witness, is not an attack upon his character for truth and veracity, entitling him to introduce proof of good character in that respect.

8. **Criminal law ⬅️413(2)—Self-serving declaration of accused is incompetent.**

Defendant was properly prevented from testifying to a statement by himself, with reference to the still he was charged with possessing, that he would hide it and find out whose it was, since that was a self-serving declaration.

9. **Witnesses ⬅️268(16)—Question held proper cross-examination.**

Where defendant's witness had testified on direct examination that he went to defendant's premises, where the still was charged to have been found, because his cow was damaging defendant's oats, and that he told defendant to go to see what damage had been done, it was proper cross-examination for the state to ask the witness why he did not go down to see what damage had been done.

10. **Criminal law ⬅️377—Accused cannot testify he had never been prosecuted.**

In an attempt to prove good character, it is not competent for accused to testify he had never been prosecuted in a court.

11. **Criminal law ⬅️1168(1)—Denial of general charge as to count on which accused was acquitted is not prejudicial.**

Accused is not prejudiced by the denial of his request for the general charge upon the first count of the indictment, where the jury rendered a verdict of acquittal of the charge contained in that count.

12. **Intoxicating liquors ⬅️239(1)—Charge as to possession of still held correct.**

A charge that, if defendant since November 30, 1919, had in his possession a still to be used for the manufacture of prohibited liquors, or if he was in possession either individually or jointly with another or others, he would be guilty, was a clear statement of the law.

Appeal from Circuit Court, Blount County; Woodson J. Martin, Judge.

Newt Henderson was convicted of a violation of the prohibition laws, and he appeals. Affirmed.

During the trial of the case, P. M. Logan, a witness for defendant, testified on direct examination that he knew defendant, lived across the field from his house; had gone to defendant's house on the morning the still was found; that in going to defendant's house he passed through the hollow in which the still had been; that he did not see the still

or the place where the still had been torn up; that he had gone over there to get his cow, which had gotten out and damaged the defendant's oats; that he told the defendant to go and see if his cow had damaged his oats, and he would pay the damage. On cross-examination the witness was asked by the state, "Why didn't you go along and see about the damages?" To this question defendant objected, and the court overruled the objection.

James B. Sloan and James Kay, both of Oneonta, for appellant.

The question asked witness Graves, whether or not he saw defendant in possession of a still, called for the conclusion of the witness. 167 Ala. 20, 52 South. 467. The objection to the question asked the witness Graves whether or not defendant had made any statement should have been sustained. 1 Greenl. on Ev. (16th Ed.) § 219; 110 Ala. 60, 20 South. 322. The defendant had a right to testify whether or not he had ever been prosecuted in a court. 100 Ala. 36, 14 South. 877; 167 Ala. 20, 52 South. 467; Code, § 5362. The court erred in his statement in the oral charge that if defendant was in possession, jointly or individually, of a still or apparatus, he would be guilty as charged in the second count of the indictment. Code 1907, § 5362; 167 Ala. 20, 52 South. 467.

Harwell G. Davis, Atty Gen., for the State.

No brief reached the Reporter.

SAMFORD, J. The indictment contained two counts, the first charging that the defendant manufactured liquor. The result of the verdict was an acquittal of the charge under the first count, and a conviction under the second, so that consideration of all questions relating to the first count may be eliminated.

[1, 2] The witness Graves was asked by the solicitor:

"Did you or not see the defendant in the possession of a still before you went before the grand jury?"

This question called for a conclusion of the witness as to the question at issue before the jury, and was subject to timely objection, but no objection was interposed by defendant until after the witness had answered, and no motion was made to exclude the answer. No rule is better settled than that objections to testimony, to be available, must be timely. Parties cannot speculate on the answers of witnesses to illegal questions, and, when unsatisfactory, get the benefit of an exception.

[3] The foregoing statement of the law applies to the defendant's objection to the question: "Was he arrested at that point?" In addition to the above, as to this objection, it does not appear that the court ruled on the

question, and an exception was reserved. This is necessary to a review by this court.

[4] The witness Graves had been qualified as to his knowledge of how whisky was made, and therefore testified as an expert when he described the still and said that it was suitable for making whisky. Ex parte State ex rel. Davis, 207 Ala. 453, 93 South. 501.

[5] There was no error in the ruling of the court in permitting state to ask the question: "Did the defendant ever make any statement over there after he was arrested?" This was a preliminary question to proof of a confession, and was proper. The questions relating to whether such statement was voluntary properly follow.

[6, 7] A defendant may prove his good character as a fact, affecting the question of his guilt or innocence, but he cannot prove his good character for truth and veracity, until it has been first assailed. Hays v. State, 110 Ala. 60, 20 South. 322; Funderburk v. State, 100 Ala. 36, 14 South. 877. At the time defendant sought to introduce proof of good character for truth and veracity, no effort had been made by the state to assail his character on that point. The proof of a statement by defendant of an incriminating nature, before defendant had been examined as a witness, could not be so construed.

[8] The court properly excluded from the jury the statement of the defendant sought to be testified to by him: "And I said I will hide this thing and find out who's it is." Self-serving declarations are not admissible.

[9] If it was material on direct examination to inquire about Logan's cow eating defendant's oats, it was proper, on cross-examination, to inquire why Logan did not go down to see what damage had been done.

[10] In attempting to prove good character, it is not competent for the defendant to testify that he had never been prosecuted in a court. It is not the prosecution for crime that affects the character. Until a judgment of conviction is rendered each defendant is presumed to be innocent.

[11] Under the evidence in this case the general charge as to the first count of the indictment was properly refused, but whether so or not the ruling of the court could not effect a reversal as the verdict of the jury was an acquittal of that charge.

[12] The excerpt from the court's oral charge, made the basis of defendant's motion for a new trial and stated in the third ground of the motion, is not a fair statement of the court's charge. In the oral charge the court said:

"If the defendant since November 30, 1919, had in his possession a still, apparatus, appliance, or some device or substitute therefor, to be used for the purpose of manufacturing prohibited liquors or beverages in this county, and before finding of this indictment, he would be guilty as charged in the second count of this indictment. Or, if he was in possession of it,

either individually or jointly with another or others, he would be guilty as charged in this count, provided, of course, it was in this county, and since the 30th day of November, 1919, and before the finding of this indictment."

This is a clear statement of the law of this case, and as to the burden of proof the court in another part of the charge clearly stated the law. The court properly overruled the motion for new trial, and we find no error in the record. The judgment is affirmed.

Affirmed.