(125 So. 64)
### WRIGHT v. W. S. WILES & SON.
(8 Div. 739.)

Court of Appeals of Alabama.  Dec. 10, 1929.

J. A. Lusk, of Guntersville, for appellant.

P. W. Shumate, of Guntersville, for appellee.

BRICKEN, P. J.  Appellant, defendant in the court below, appeals from a judgment following a jury's verdict against him in an action upon a note; the issue of fact being payment. Appellant was in possession of the note at the time the cause was tried, and produced the same upon the demand of the court and testified to its payment by him before suit, partly in two $20 bills, one $10 bill, and one $5 bill. W. S. Wiles, one of plaintiff's firm, testified to the contrary. Both agreed that the defendant visited the plaintiff's office on two occasions, once before the note was paid, if indeed it ever was, and once when defendant had possession of the note; and Mr. Wiles testified that on this last visit he (the witness) "hunted for the money and I told him that he had not paid me, and he said he had." Following such testimony, the plaintiff asked the witness this question: "I will ask if when you collect paper money in your office to state what you do with it." The defendant timely objected; the court overruled the objection, and witness answered: "I have a drawer in my safe that I put the bills in and of course the little change I put it in this pocket-book. Now, when I am at the warehouse, away from the safe, I put the bills in it." This objected to testimony as to the habit or custom of the witness in respect to other and isolated transactions with which appellant was not connected was not admissible against appellant. McCullars v. Jacksonville Oil Mill Co., 169 Ala. 582, 53 So. 1025; Jackson v. Vaughn, 204 Ala. 543, 86 So. 469; Perry v. Marbury Lumber Co.. 212 Ala. 542, 103 So. 580. It cannot be said that this testimony was without injury, for the witness Wiles having testified that he "hunted for the money," this further testimony as to where he ordinarily kept such money might well have been construed as confirmatory of his contention of nonpayment, since the money was not found in such place.

As this error necessitates a reversal of this cause, it is unnecessary to consider the as-

signments of error predicated upon the giving of charges at plaintiff's request.

Reversed and remanded.