47 So.2d 230

**LASSITER v. STATE.**

1 Div. 596.

Court of Appeals of Alabama.
April 25, 1950.

Rehearing Denied May 16, 1950.

A. A. Carmichael, Atty. Gen., and Jas. T. Hardin, Asst. Atty. Gen., for the State.

Chason & Stone, Bay Minette, for appellant.

CARR, Judge.

Roger Hadley, Carnis Lassiter, Andrew Bohannon and Charles Lassiter were jointly indicted for murder in the first degree. After a severance was ordered Carnis Lassiter was tried and convicted of manslaughter in the first degree.

Without dispute in the evidence Carnis Lassiter, the appellant, killed Leonard Jordan by cutting him with a knife. Justification for the homicide is claimed on the doctrine of self defense.

The prime questions which are presented for our review do not necessitate a delineation of the tendencies of the evidence.

Herschel Burkett and James Jordan were introduced as witnesses for the State. On cross examination of the former he answered that he was a first cousin of the deceased. On direct examination of the latter the witness stated that he was a brother of the deceased. This relationship was also brought out on the cross examination of Jordan. There was no effort made by the appellant to assail the character of either of these witnesses for truth and veracity.

In this state of the record and in rebuttal, the State was allowed, over timely objections, to introduce two witnesses each of whom testified that the general reputation of Burkett and Jordan was good and that their reputation for truth and veracity was also good.

In the case of Morgan v. State, 88 Ala. 223, 6 So. 761, the Supreme Court held: "It is familiar law that a party cannot offer testimony of the character for truth and veracity of his own witness until and unless an effort has been made by the adversary to impeach the witness' character in that regard."

See also, Baugh v. State, 218 Ala. 87, 117 So. 426; Hays v. State, 110 Ala. 60, 20 So. 322; Taylor v. Taylor, 251 Ala. 374, 37 So.2d 645; McCullars v. Jacksonville Oil Mill Co., 169 Ala. 582, 53 So. 1025; Earle v. State, 1 Ala.App. 183, 56 So. 32; Henderson v. State, 19 Ala.App. 80, 95 So. 57.

By a long line of authorities it has been consistently held that a mere contradiction of a witness by another as to any facts testified to does not authorize the introduction of sustaining evidence of good character for truth and veracity as to either of such witnesses. Turner v. State, 124 Ala. 59, 27 So. 272; Hodges v. Davis, 199 Ala. 685, 75 So. 300; George v. State, 27 Ala.App. 196, 169 So. 325.

The Assistant Attorney General urges that proof of the indicated kinship to the deceased was one way of impeaching the witnesses, and the evidence in question was admissible on this account.

Much emphasis is placed on a statement by Justice Foster in the opinion in the case of Phillips v. Ashworth, 220 Ala. 237, 124 So. 519, 523. The justice stated: "There must be evidence which is impeaching in nature to permit a party to sustain his character." So it is argued that proof of kinship to the deceased of itself created interest and bias on the part of the witnesses and had the effect of being "impeaching in nature."

We do not think that the Supreme Court intended by the quoted statement to make the rule apply to the situation about which we are concerned in the instant case.

The doctrine is expressed more specifically in the case of Funderberg v. State, 100 Ala. 36, 14 So. 877, 878: "In the present case, the defendant became a witness in his own behalf, and, to bolster up his testimony, undertook to prove by witnesses that he was a man of good character for truth and veracity. This was not allowable. He had not been, or attempted to be, impeached as a witness by the state, either by the introduction of evidence of bad character on his part, or of statements made by him out of court, contradictory of his testimony on the trial, without which he would not be permitted to sustain himself as a witness by proof of his good character for truth and veracity."

In the case of Dickson v. Dinsmore, 219 Ala. 353, 122 So. 437, 439, the Supreme Court reviewed the doctrine in a civil procedure. Justice Foster again writing for the court: "Counsel have the option to call the attention of the party as a witness to the subject-matter (lay the predicate) or to prove the declaration by his own witness without such predicate. In one instance he is treated as a witness as well as a party, and in the other as a party merely. If the former practice is observed, it is impeaching testimony, and the same rule applies as though he were not a party; if the latter, it is substantive evidence and not impeaching. After the former proof of general good character of the witness, though a party, is admissible; after the latter, no such proof is admissible."

In the case of Bell v. State, 124 Ala. 94, 27 So. 414, the prosecutrix denied that she had sexual intercourse with certain named parties. These named parties were subsequently introduced as witnesses by the appellant and each testified that he had had intercourse with the prosecutrix. Thereafter the State was allowed to introduce evidence of good character of the prosecutrix for truth and veracity. The Supreme Court held that this was insufficient to authorize the introduction of the sustaining evidence as to the character of the prosecutrix for truth and veracity.

In our view the situation there disclosed is much more favorable to the insistence of the State than is presented by the proof in the case at bar.

■ The court in his oral charge instructed the jury as follows:

"The court charges the jury that when the defendant sets up self-defense in justification or excuse for a killing, the burden of proof is on him to show the jury by the evidence that there was a present impending danger, real or apparent, to life or limb, or of grievous bodily harm from which there was no probable means of escape, unless the evidence which proves homicide proves also its excuse or justification."

Exceptions were reserved in this statement: "We would like further to except to that part of Your Honor's charge in which you charged the jury that when the defendant sets up self-defense in justification or extenuation, the burden of proof is on him to show the jury beyond all reasonable doubt that there was a real or apparent danger from which there was no escape."

The Assistant Attorney General insists in brief that the exceptions do not sufficiently point out the excerpt to which complaint is made. The rule to which reference is made should be applied with fairness to the objector and considered in the light of its purposeful intent. If what the trial judge said is recited in the exceptions with substantial accuracy, a review should not be denied. Kelley v. State, 226 Ala. 80, 145 So. 816.

We hold that there has not been a violation of the rule in the case at bar.

■ It is now settled by the authorities in this jurisdiction that the burden of proof is never cast on the defendant to establish his innocence when he relies on self defense as a justification for his act. In this event, he is only required to offer such evidence as will, when considered with all the evidence in the case, generate in the minds of the jury a reasonable doubt of his guilt.

More specifically the doctrine is stated in Roberson v. State, 183 Ala. 43, 62 So. 837, 841: "If the jury have a reasonable doubt, generated by all the evidence in the cause, as to whether defendant acted in self-defense or not, then they should acquit."

■ A reasonable interpretation of the excerpt from the court's oral charge leads to the inevitable conclusion that the burden was too heavily laid on the accused.

We will not laden this opinion with a further discussion of the inquiry. The following authorities are decisive of the matter. Perry v. State, 211 Ala. 458, 100 So. 842; McGhee v. State, 178 Ala. 4, 59 So. 573; Hubbert v. State, 32 Ala.App. 477, 27 So.2d 228; Clemons v. State, 167 Ala. 20, 52 So. 467; Baker v. State, 19 Ala.App. 432, 98 So. 213; Barbaree v. State, 24 Ala.App. 127, 130 So. 903; Lee v. State, 24 Ala.App. 168, 132 So. 61.

We have responded to the only questions which merit discussion.

For indicated errors it is ordered that the judgment at nisi prius be reversed and the cause remanded.

Reversed and remanded.