## RHODES v. IJAMES.

1. In an action of slander the character of the plaintiff is not in issue before the jury, unless it is attacked by plea of justification, or by evidence at the trial; evidence therefore of his good character is inadmissible in the first instance, and before evidence to impeach it has been offered by the defendant.

Writ of error to the Circuit Court of Lauderdale County.

ACTION of slander by Ijames against Rhodes, in which the words charged to be spoken accused the plaintiff of hog stealing.

At the trial, upon the general issue, the plaintiff, after having proved the speaking by the defendant, of the slanderous words charged in the declaration, and before any evidence was offered by the defendant, either by cross-examination or otherwise, offered evidence to prove himself a man of good and unimpeached character, before the publication of the slander of the defendant. The defendant objected to such evidence at that stage of the trial, but the Court overruled the objection, and admitted the evidence. The defendant excepted, and a verdict and judgment having passed against him, now assigns the evidence so admitted as error.

NOOE, for the plaintiff in error, cited Inman v. Foster, 8 Wend. 602 ; 2 Starkie's Ev. 370 ; 5 Pick, 246.

WM. COOPER, contra, insisted, that the slanderous words spoken by the defendant, of the plaintiff, involved his character, and therefore he had the right to show that it was good. The authorities cited on the other side, leave the legal question doubtful, and do not fully show what the rule is. Starkie admits the evidence may be given where the issue involves the question of character. [2 Starkie, 366.] And it is difficult to conceive how character can be more directly involved than it is in this case.

GOLDTHWAITE, J.—The general rule in relation to evidence of character, is thus stated, by Mr. Greenleaf, in his late work on evidence : " In civil cases; such evidence is not admitted, unless the nature of the action involves the general character of the party, or goes directly to affect it ;" and he seems to consider the action of slander as presenting no exception to this rule, so far as the plaintiff is concerned, for he says, " whether evidence impeaching the plaintiff's previous general character is admissible, as affecting the question of damages, is a point which has been much controverted, but the weight of authority is in favor of admitting such evidence. [Greenl. on Ev. 61, §§ 54, 55.] Starkie states the rule in terms not very dissimilar, and after citing the case of King v. Waring, 5 Esp.

13, where the plaintiff was permitted to produce evidence of general good character, before any evidence to the contrary had been given on the other side, although no justification was pleaded, condemns the decision, and insists that the character of the plaintiff is not in issue, unless attacked, when there is no plea of justification. [2 Starkie, 367, 370.] In two more recent cases, the English Courts have refused to permit the defendant even to offer evidence of the general bad character of the plaintiff, upon the ground that it was irrelevant. [Cornwall v. Richardson, Ry. & Mood. 305; Jones v. Stevens, 11 Price, 235.] The American cases, in general, hold the rule in its more limited sense. [See them collected in Greenl. on Ev. 62, § 55, note 8; Cowen and Hill's notes, 456.] Philips says, that where slanderous expressions are used in giving the character of a servant, evidence of his good character is admissible, in the first instance, on the ground that his character is, in some degree, in issue; and that it is incumbent on him to prove express malice. [2 Philips' Ev. 248, citing King v. Waring, 5 Esp. 13, and Rogers v. Clifton, 3 B. & P. 587.] In Harding v. Brooks, 5 Pick. 244, and Inman v. Foster, 8 Wend. 602, the question raised here was not directly presented, but it is evident the Courts considered the plaintiff's character as not in issue, unless expressly put before the jury, by a justification on the record, or by evidence from the defendant attacking it. The only cases in which a contrary rule is expressly held, so far as we have been able to ascertain, are those before cited, of Rogers v. Clifton, 3 B. & P. 583, and King v. Waring, 5 Esp. 13, the authority of which is either denied by later cases, or these considered as exceptions to the general rule.

Under the influence of the cases cited, we consider that the character of the plaintiff is not placed in issue until it is attacked by the defendant, either by plea upon the record, or by evidence at the trial.

From this it results that the Circuit Court erred in admitting the evidence at the stage of the trial when it was offered.

Judgment reversed and cause remanded.