## PHILINDA DERWIN v. PHILO PARSONS.

*Indecent assault—Hallucinations—Medical testimony.*

1. Where a woman in disordered health charges people with assaulting her it is entirely proper to show that persons so afflicted are subject to hallucinations, even though there has been no showing that she herself is; a good deal of latitude is allowable in drawing out the facts upon the trial of such cases. It is also proper to ask her if she has not made similar charges against others, and if, shortly after the assault alleged, she had not told a friend of a previous one, without mentioning this; and to show the facts if she denies them.

2. A woman appearing as complaining witness in a case of alleged indecent assault was required to state that she had been undergoing treatment at a medical college. *Held* that she ought not to have been asked whether it was in the presence of a class, but that the

error of allowing the question was probably cured by the sympathy the jury would naturally feel for her if she were compelled to answer so outrageous a question.

3. A defendant denying a charge of indecent assault cannot be discredited by showing that he had improperly approached a judge or had been charged with buying votes.

Error to the Superior Court of Detroit. (Chipman. J.) Jan. 11.—Jan. 22.

Trespass for assault and battery. Plaintiff brings error. Affirmed.

*James H. Pound* for appellant. Inquiry as to charges of bribery and of lending money for usury are proper in an action against one for indecent assault: *Wilbur v. Flood* 16 Mich. 40; *Clemens v. Conrad* 19 Mich. 170; *Hamilton v. People* 29 Mich. 173; *Driscoll v. People* 47 Mich. 417; *Leland v. Kauth* id. 508.

*Moore & Canfield* for appellee.

Cooley, C. J. Action for assault and battery. The plaintiff was the sole witness to the facts upon which she relied for a recovery. The defendant contradicted flatly the story told by the plaintiff, but he also claimed, and put in evidence to show that the plaintiff was afflicted with a certain disease, and that women having that disease are likely to have hallucinations under which they imagine that assaults like the one complained of are made upon them.

The case was tried by jury and judgment rendered for defendant. The plaintiff complains of a considerable number of rulings made by the trial judge on questions of admissibility of evidence and the case has been fully and ably argued upon the errors assigned by her. We have considered them all, and have reached the conclusion that while the judge might, and perhaps in some cases ought to have ruled differently, yet that no such error appears as would justify the reversal of the judgment.

The case was one which justified a good degree of liberality in the admission of evidence. The parties were

directly opposed in their testimony, and the jury would be likely to accept the statement of the one who was best supported by the circumstances. The plaintiff was cross-examined at great length on her previous history, and seems to have been willing to make full explanations on most subjects. To questions whether she had not made charges similar in nature against two other persons objection was made, but we have no doubt it was proper to allow them, and also to prove the facts if she denied having made the charges. The probability that a woman who conducts herself properly will be frequently assaulted is very small, and every new complaint therefore tends to cast doubt upon those which preceded it. It was also proper to ask the plaintiff whether she did not within a few hours after the alleged offense tell a confidant of a similar case but make no mention of this; and then when she denied it, to allow her to be contradicted. The jury would be very likely to infer that an outrage just committed and not mentioned under such circumstances was not committed at all.

It was also proper, after it had been proved that plaintiff was afflicted with a particular disease, to show by experts that a considerable proportion of women thus diseased were liable to hallucinations respecting the conduct of men towards them. There was indeed no direct evidence that plaintiff was ever the victim of hallucinations; but nevertheless she might be without the fact being known; and so long as the main facts to which she testified were in dispute, the circumstance which might produce delusion was not without significance.

But upon this branch of the case a wrong was done to the plaintiff, which we cannot pass without rebuke. She appears to be a woman without means, and she went for necessary medical treatment to the hospital of a medical college where she would be treated without charge. The reason for this gratuitous treatment is understood to be that the students attending the college have the benefit of such instruction as comes from actual attendance upon surgical operations and other treatment. To submit to treatment

before a class of students must often be mortifying to a modest woman; but if she is poor there is nothing disgraceful in it, and it ought not to be the subject of controversy or comment elsewhere with a view to her annoyance. The public as well as the woman herself is interested in her having the attention and treatment her case requires and she is to be commended for going for it, instead of being exposed to ridicule or to disparaging suggestions. Therefore, in this case, after it had appeared that the woman had been treated by a competent physician, the question whether the treatment was not in presence of a class of medical students should never have been asked, or if asked, should have been promptly overruled. It could have had no purpose except to afford a ground for unfavorable inferences respecting her modesty; and these, if unjust, would subject the woman to a great cruelty when her only fault was her poverty. In most such cases unfavorable inferences would unquestionably be unjust; and it would therefore be inexcusable to suggest them in any case without direct evidence rendering their justice probable.

We cannot believe, however, that the plaintiff's case was injured by this evidence. Indeed it was more likely to be aided; for a jury is certain to be quick to detect anything which appears like an insult to a woman in their presence, and to resent the insult if in their power to do so. It is not likely the plaintiff's counsel failed to call the attention of the jury to any unnecessary and apparently baseless insinuations against his client, and he would be reasonably certain to have the sympathy of the jury with him in very plain and pointed comments. We do not think, therefore, that we ought to disturb the judgment for the improper admission of this evidence.

When defendant was on the stand he was asked, with a view to discredit him, whether he had not improperly approached a certain judicial officer, and whether he had not in a certain election been charged with buying votes. These and other similar questions were overruled. Obviously they had no bearing on the case on trial. A man cannot be

said to be more likely to assault a woman because of being guilty of the conduct suggested. The ruling was correct.

Nothing further in the case seems to us to require comment, and the judgment must be affirmed.

The other Justices concurred.