ELIZA C. GORE *vs.* FRANK CURTIS.

Androscoggin. Opinion March 19, 1889.

*Trespass. Evidence. Reputation. Specific acts.*

In trespass for assault upon and for soliciting the plaintiff, a married woman, to commit adultery with the defendant, specific acts of unchastity by her with other men prior to the alleged assault can not be shown in defense.

ON EXCEPTIONS. This was an action for indecent assault and battery upon the plaintiff, a married woman.

The defendant offered testimony to prove specific acts of unchastity on the part of the plaintiff with other men than the defendant prior to the alleged assault. The presiding justice ruled that such evidence was inadmissible, but allowed the defendant to submit evidence of the plaintiff's general reputation for chastity. To this ruling the defendant excepted.

Verdict for plaintiff for $112.00.

*Savage and Oaks*, for defendant.

Counsel contended the defendant should have been permitted to show plaintiff's actual character, first, as bearing upon the question of damages, and second, as bearing upon the force which is alleged by the declaration to have been used.

Rule sought to be declared applies peculiarly to assaults of this character; and courts have recognized the force of its reason. 1 Whart. Ev., § 51; Abbott's Trial Ev., pp. 651, 682; Waterman Tresp., § 271; *People* v. *Abbott*, 19 Wend. 192.

The objection of raising collateral issues, by admitting specific acts, may be answered by the fact that plaintiff, if innocent, can disprove the few instances which could be adduced in testimony more readily by her own evidence than by rebutting her general reputation for unchastity, and on which question she can not testify.

Counsel also cited: *Treat* v. *Browning*, 4 Day, 408; *State* v. *Johnson*, 28 Vt. 512; *State* v. *Reed*, 39 Id. 417; *Watry* v. *Ferber*, 18 Wis. 500 (S. C. Am. Dec. 789); citing *People* v. *Benson*, 6 Cal. 221; 2 Greenl. Ev., § 556; *State* v. *Murray*, 63 N. C. 31.

*G. C. and C. E. Wing*, for plaintiff.

Counsel cited: *Peterson* v. *Morgan*, 116 Mass. 350, 352; *Com.* v. *Kendall*, 113 Mass. 210; Greenl. Ev., vol. 1, § 55, and cases cited; Abbott's Trial Ev. 672, 674; Phillips Ev., vol. 1, p. 176, 2d ed., Id. vol. 2, 339 note.

HASKELL, J. In trespass for assault upon and for soliciting the plaintiff, a married woman, to commit adultery with the defendant, can he be permitted to show specific acts of unchastity by her with other men prior to the alleged assault, in mitigation of damages, and to rebut the probability of alleged force?

At the trial the court excluded the evidence, and the learned counsel for the defendant in the opening paragraph of their brief say: "We are aware that the ruling was in accordance with the law of half a century ago." The court is not aware of any change in the law since that time. No statute intervenes; nor is the reason for the rule less cogent now than it always has been; whereby the rule is obsolescent, even.

Evidence tending to show the plaintiff's general reputation for unchastity was admitted. Persons seeking damages in actions of this sort must be prepared to defend their general character; but are not required to come ready to explain the various specific questionable acts of their lives, and to rebut false accusations, of which they can have no premonition. It would be a hard rule that would compel a plaintiff to defend every act of his life, as the price of justice.

*Exceptions overruled.*

PETERS, C. J., WALTON, DANFORTH, VIRGIN and EMERY, JJ., concurred.