# Evans *v.* Horton.

*Action on Contract for Work and Labor.*

1. *Proof of physical condition as continuous fact.*—Where plaintiff sues to recover agreed compensation for work and labor done, and the defendant, denying the contract, testifies that plaintiff did not at the time have the necessary health and strength to earn such wages as he claims were agreed to be paid, a witness for plaintiff can not be allowed to testify that plaintiff, while working for him six or eight years previously, "was a stout and healthy man, and able to do good work."

APPEAL from the Circuit Court of Shelby.
Tried before the Hon. LEROY F. BOX.

[Evans v. Horton.]

W. B. BROWNE, for appellant.

A. P. LONGSHORE, *contra.*

STONE, C. J.—This was a suit by Horton against Evans to recover for work and labor done. Horton testified that he served Evans at agreed wages of ten dollars per month, for two months, and fifty cents per day for the time he served beyond two months. Evans denied this statement, and testified that Horton came to him diseased and in broken health; that he professed to be seeking a home; that he offered to stay with him, and do what work he could for his board and clothing; that he, Evans, agreed to these terms, and that the work Horton did was done on this agreement. He denied all indebtedness. Defendant, Evans, introduced testimony tending to show that plaintiff "did not possess the capacity as a laborer, in health, strength, will and industry, necessary to enable him to command and earn as good wages as plaintiff's testimony tended to show defendant contracted in December, 1888, to pay plaintiff for labor." In rebuttal of this, plaintiff was permitted to prove by a witness, as follows: "The plaintiff, Horton, worked for me about eight or ten years ago, and was then a stout and healthy man, and able to do good work." This testimony was objected to, and an exception reserved to its admission.

It will be observed that this proof tended to show Horton's condition as to health and strength at a time some seven years before he served Evans. When *status*, or condition, is of a nature to be presumptively continuous, and not likely or liable to change by efflux of time, then reason and experience, which only voice the rule of evidence in such case, declare that testimony of such *status* should not be confined to a short period before the happening of the transaction it is sought to elucidate. The reason is obvious. When, however, such *status* is of a nature to be fluctuating, and, in our experience, liable to change, there must be a much closer proximity to the transaction undergoing investigation to authorize its use as an instrument of proof. The inquiry in this case was, whether, at the time of the alleged service, Horton was in such state of health and strength as to be able to do good work. The transaction testified to by Moody was too far removed in point of time from the performance of Horton's services, here sued for, to justify proof of it on this trial.—1 Greenl. Ev. § 51*a*; 1 Whar. Ev. § 21; *Mattison v. State,* 55 Ala. 224; *Brewer v. Watson,* 65 Ala. 88.

The Circuit Court erred in receiving the witness' answer in evidence.

Reversed and remanded.