(82 South. 522)

HANCOCK et al. v. HULLETT. (6 Div. 879.)

(Supreme Court of Alabama. May 22, 1919. Rehearing Denied June 30, 1919.)

1. PARENT AND CHILD ⊚⊸7(8)—ACTION FOR INJURIES TO DAUGHTER — DEFENSE — CONSENT.

In action under Code 1907, § 2484, by father for injuries to minor daughter caused by abortion, consent of the daughter to the operation is no defense; abortion being a criminal offense, to which she could not consent legally.

2. ABORTION ⊚⊸16 — CIVIL ACTION — EVIDENCE.

In action under Code 1907, § 2484, by father for injuries to minor daughter caused by abortion, evidence for plaintiff that the daughter had become pregnant some four months before the abortion, and that during this period her health was good, was not too remote to be competent.

3. EVIDENCE ⊚⊸106(1) — GOOD CHARACTER — ACTION AGAINST PHYSICIAN.

In action under Code 1907, § 2484, by father for injuries to minor daughter caused by abortion, against the physician and man charged with being responsible for her condition, evidence offered by the physician as to his general good character was properly excluded, where there was no evidence by plaintiff tending to impeach the physician's character or testimony; for the mere contradiction of such defendant by the daughter as a witness would not of itself authorize proof of good character.

4. APPEAL AND ERROR ⊚⊸721(1)—JOINT ASSIGNMENTS OF ERROR.

In action under Code 1907, § 2484, by father for injuries to minor daughter caused by abortion, against the physician and man charged with being responsible for her condition, the exclusion of evidence of general good character of defendant physician, if error, was not reversible, the appeal being prosecuted jointly by both defendants, jointly assigning errors, and such assignment not being available unless injurious to both.

5. EVIDENCE ⊚⊸253(2) — CONSPIRATORS — INCRIMINATING STATEMENTS BY ONE CONSPIRATOR.

In action under Code 1907, § 2484, by father for injuries to minor daughter caused by abortion, against the physician and man charged with being responsible for her condition, there being evidence that the defendants had previously agreed upon the performance of the operation, incriminating statements, in the absence of the physician defendant, by the other defendant, were admissible.

6. TRIAL ⊚⊸255(4)—JOINT DEFENDANTS—REQUESTING THE COURT TO LIMIT TESTIMONY.

In action under Code 1907, § 2484, by father for injuries to minor daughter caused by abortion, against the physician and man charged with being responsible for her condition, incriminating statements, in the absence of the physician defendant, by other defendant, being admissible against the defendant making them, if they were not admissible against the physician defendant, he should have requested the court to so limit the testimony.

McClellan and Thomas, JJ., dissenting in part.

Appeal from Circuit Court, Blount County; O. A. Steele, Judge.

Action by C. C. Hullett against J. T. Hancock and another. From judgment for plaintiff, defendants appeal. Affirmed.

Appellee brought this suit against the appellants to recover damages for wrongfully and unlawfully committing an abortion upon the person of his minor daughter, resulting in permanent injury, as approximate consequence of which the plaintiff was caused to lose the services of his said minor child and was put to great expense for medical attention. The defendant Hancock is a physician; and Washburn, the other defendant, was the one charged as being responsible for the condition of the plaintiff's minor daughter. The evidence for the plaintiff tended to show that the defendant Washburn carried plaintiff's daughter to the defendant Hancock's house, and that by the use of instruments inserted into the womb the abortion was a few days thereafter produced; that the daughter of the plaintiff was at the time 17 years of age, living at his house and assisting in the labors of the farm as well as of the household; that she was sick for some little time, dangerously so for a short period, requiring the services of physicians; that she was for some time not able to perform any services; and that she is permanently injured and is able to do little work. The evidence for the defendants was

---

⊚⊸For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

in direct conflict with that for the plaintiff, to the effect that no abortion was performed upon the girl, but merely an examination made in a careful and prudent manner to ascertain whether or not she was pregnant, and that nothing was done to produce an abortion. Evidence was also offered tending to show that her injuries were not serious, and that she was able to perform services. The issues of fact were submitted to the jury, resulting in a verdict in favor of the plaintiff for $200 against the defendants; and from this judgment the defendants prosecute this appeal.

Russell & Johnson and Kelton & Son, all of Oneonta, for appellants.

James Kay, of Oneonta, for appellee.

GARDNER, J. This suit is by the father for injuries to his minor daughter, as provided by section 2484 of the Code of 1907. But few questions are presented here for consideration.

[1] It is first insisted by counsel for appellants that reversible error was committed by the court in sustaining the objection of the plaintiff to evidence offered tending to show that the plaintiff's minor daughter consented to the abortion, if, in fact, such abortion was committed. In support of this insistence we are cited to 25 Cyc. 1645, and Pratt C. & I. Co. v. Brawley, 83 Ala. 371, 3 South. 555, 3 Am. St. Rep. 751, where it is held that, as a general rule, a parent can recover for injuries to his child only under the same circumstances of prudence as would be required if the action were on the part of the infant, and therefore that the contributory negligence of the child may defeat the parent's recovery. We are, however, of the opinion that this principle is not applicable to the instant case. To produce an abortion is a criminal offense, and the plaintiff's minor daughter was incapable of consenting thereto legally; and her consent thereto would in no manner have affected the charge in this complaint that it was wrongfully and unlawfully done. We have reached the conclusion that this insistence is unsound, and that the objection was properly sustained.

[2] The evidence for the plaintiff tended to show that his daughter had become pregnant some four months previous to the abortion; and the plaintiff was permitted to show that during this period her health was good. Counsel for appellant cite us to the case of Evans v. Horton, 93 Ala. 379, 9 South. 534, to the effect that this was too remote to be competent evidence, and that the court erred in its admission. We are, however, of the opinion that the holding in this case does not sustain the contention here made, and that there was no error.

[3] It is next argued that the court committed reversible error in declining to permit the defendant Hancock to offer proof of his general good character. There was no evidence by the plaintiff tending to impeach the character or testimony of the defendant Hancock, and the mere contradiction of this defendant by the plaintiff's daughter as a witness would not of itself authorize proof of good character. We are of the opinion that the case is not within the general exception as to admissibility of such proof under such circumstances, and that under the following authorities of this state such evidence was properly excluded: McCullars v. Jacksonville Oil Mill, 169 Ala. 582, 53 South. 1025; Rhodes v. Ijames, 7 Ala. 574, 42 Am. Dec. 604; Ward v. Herndon, 5 Port. 382; Pearsall v. McCartney, 28 Ala. 110; Owens v. White, 28 Ala. 414; Bell v. State, 124 Ala. 94, 27 South. 414. See, also, Greenl. on Ev. (16th Ed.) p. 40 et seq.

The case of Hein v. Holdridge, 78 Minn. 468, 81 N. W. 522, cited by counsel for appellant, supports the insistence here made. The opinion, however, discloses that it is rested upon a decision of that court rendered nearly a quarter of a century previously, and really resting very largely upon the doctrine of stare decisis. It is conceded in that case that the holding is contrary to the great weight of judicial opinion; and two of the justices concurring in a separate opinion express the view that the conclusion was "radically wrong" in the previous case, but they concur upon the ground of stare decisis only. This separate concurring opinion points out that cases of this character cannot be distinguished from those in which the defendant is charged with some fraudulent or deceitful practice, or where in a civil action there is imputed any kind of moral turpitude, such as fraud or falsehood or kindred delinquencies.

As far back as Ward v. Herndon, supra, it is expressly held by this court that the charge of fraud did not warrant an exception to the general rule of the introduction of evidence of good character in a civil action. Other authorities of this state cited supra disclose that this rule has been consistently followed by us.

In Rhodes v. Ijames, supra, it was held by this court that in an action of slander the character of the plaintiff is not in issue before the jury unless it is attacked by pleas of justification or by evidence at the trial, and therefore evidence of good character is inadmissible in the first instance, and before evidence to impeach has been offered by the defendant.

Among the reasons for the exclusion of such evidence in civil suits the authorities state the following:

"Evidence of character is uncertain in its nature, because true character is ascertained

with difficulty, and those who are called to testify are reluctant to disparage the influential and often too willing to disparage one under a cloud. At best, such evidence is a mere matter of opinion, and, in matters of opinion, witnesses are apt to be influenced by prejudice or partisanship of which they may be unconscious, or by the opinions of those who first approach them on the subject. The introduction of such evidence, in civil cases, to bolster the character of parties and witnesses who have not been impeached, would make trials intolerably tedious, and greatly increase the expense and delay of litigation."

In the case of Ward v. Herndon, supra, speaking of this question, the court uses the following language:

"But in civil proceedings, unless the character of a party be directly put in issue, by the proceeding itself, evidence of his general character is not admissible. * * * That 'putting character in issue' is a technical expression, and confined to certain actions, from the notice of which the character of the parties or some of them is of particular importance. Such are the actions for criminal conversation, slander, etc. * * * Such evidence is objectionable, as extending too largely the scope of the examination."

The rule is stated in Owens v. White, 28 Ala. 413, as follows:

"In civil cases evidence of the general character of a party is not admissible, except in certain actions, the very nature of which, as disclosed by the proceedings, amounts to notice that the character of the parties, or some of them, is of particular importance; such as actions for slander, criminal conversation, and breach of marriage contract."

The rule against admissibility has been applied in many cases which involved criminal conduct on the part of the party to the suit. Some of these will be found in the note to Mattingly v. Shortell, 8 Ann. Cas. 1134.

A reading of the decisions will show that this state has followed in line with the weight of authority in holding such evidence inadmissible in the first instance under circumstances as here set forth; and we do not consider that it is wise to depart at this date from this rule so long recognized in this state. The authorities bearing upon the question will be found collated in 10 R. C. L. 947–950, Wigmore on Ev. vol. 1, §§ 64–68, and note to Mattingly v. Shortell, supra.

[4] Moreover, such evidence was offered by defendant Hancock only. The appeal is prosecuted jointly by the two defendants, and they jointly assign errors. Under such circumstances, such assignment is not availing, unless injurious to both, and therefore could not, in any event, work a reversal of the cause. Hall v. First Nat. Bk., etc., 196 Ala. 627, 72 South. 171. Justices McCLELLAN and THOMAS concur upon these grounds only, and not upon the holding in the opinion as to the inadmissibility of such evidence where the question is properly presented. Upon this question they entertain a view contrary to that herein stated by the majority.

[5, 6] There was evidence from which the jury could infer that the two defendants had previously agreed upon the performance of the operation to produce the abortion; and incriminating statements made by the defendant Washburn in the absence of Hancock were admissible. Patterson v. State, 79 South. 459.[1] Moreover, they were beyond controversy admissible as against Washburn himself; and, in any event, had they not been admissible against Hancock, he should have requested the court to so limit the testimony. Patterson v. State, supra.

We have considered in consultation the reference in brief to the exception to the statement of counsel for the plaintiff in argument, but do not consider the same sufficiently important to give it separate treatment here. Suffice it to say that we find nothing in this assignment of error calling for a reversal of the cause. We have thus considered the questions argued by counsel for the appellants; and, finding no reversible error, the judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD, SAYRE, and SOMERVILLE, JJ., concur.

McCLELLAN and THOMAS, JJ., concur in conclusion.