Hotjgh, J.
The character of the testimony which the trial court admitted in evidence, under objection, and because of which the court of appeals reversed the case, may be illustrated as follows:
“Q. You may state now, prior to this talk about his going into Van Ausdall’s house, what was his reputation as a man of honor and integrity and good citizenship? A. Good. * *
*322 “Q. Prior to that time, you may state whether it was ever intimated that he had been guilty of stealing or house-breaking, or was ever accused of such a crime? A. Not to my knowledge.”
The court of appeals said in its entry of reversal that “said court [the trial court] erred in admitting the evidence of George Welliver [extract quoted above] * * * and the court finds no other error in said judgment, record and proceedings.”
The question of good or bad reputation was clearly put in issue by the pleadings, and if that is a proper issuable fact in a slander case the offering of testimony by the plaintiff to sustain his allegations in that regard would not only be no ground for error, but would be indispensable in sustaining the burden of proof and in the making of his case.
On the other hand, if it presented an immaterial or improper issue when applied to this character of action, that is, an action for slander, the testimony admitted would be error, and, if prejudicial, would be ground for reversal.
The question is not without interest and not without logical argument in support of both sides. The law presumes in civil cases, such as the instant case, that the reputation of plaintiff is good; and it is the loss or injury to reputation that gives rise to redress in the form of damages. A presumption of law must necessarily relate to a general, average, good reputation. One particular plaintiff, by reason of his past conduct in life, may be fairly entitled to a reputation above the average, while another, by the same rule, might reasonably be entitled to a standing less than the average; and if different degrees of reputation aré to be recognized in law such *323 degrees would have a relative effect upon the amount of recovery in effecting full redress for the injury sustained.
Upon such a theory, it would appear to be simple and natural to plead a degree of good reputation consistent with the past record of the plaintiff, and, if an issue be made up thereunder, to proceed to prove the degree contended for as nearly as possible; and while such process of reasoning may be simple and natural, and result in a reasonable conclusion, yet courts must take account of legal principles and judicial precedents. What might be proper in the announcement and initiation of an original principle, or rule of procedure, if the question were a new one, might be radically improper if the rule or principle had been announced and recognized through a long period of time.
This court spoke upon the same subject in the case of Blakeslee v. Hughes, 50 Ohio St., 490, nearly thirty years ago, where it was announced as follows :
“The plaintiff’s action was for a libel; the defense was justification. On the trial of the action in the court of common pleas, that court, over the defendant’s objection, permitted the plaintiff to give in chief to the jury, evidence of his good character. The circuit court, solely on account of this ruling of the court of common pleas, reversed the judgment, and remanded the cause for a new trial. Held: That the circuit court did not err.”
We have investigated the pleadings and the record in that case and find that the petition contained allegations of good reputation, all of which were denied in the answer. That case, therefore, by force *324 of the issues raised, was parallel to the instant case, except that that was an action for libel and here we have an action for slander. The court in that case, page 492, says:
“We think the rule forbidding the introduction of such evidence in chief, has prevailed in this state from an early period in its judicial history. The rule is plain and of easy application, works no substantial injustice, and no sufficient reason has been adduced to justify its being overturned.”
In 4 Sutherland on Damages (4 ed.), Section 1212, it is said: “But this species of evidence [general reputation] is not available in civil actions for torts generally.” Cases from many states are cited.
In Newell on Slander and Libel (3 ed.), page 998, the following text appears: “The plaintiff can not offer evidence of his general good character to disprove the truth of the words, nor to support his own character until it is attacked by the defendant. The defendant may attack the general character of the plaintiff, in respect to the subject-matter of the charge, in order to reduce the damages.” Numerous cases are cited to sustain the rule.
The doctrine announced in the Blakeslee case, supra, is apparently sustained in Alabama, Delaware, Illinois, Indiana, Iowa, Massachusetts, Michi,gan, New Hampshire, Oregon, Pennsylvania, Tennessee, Texas, and some federal jurisdictions, as well as England.
In many of these jurisdictions the rule is laid down, as it is in Ohio, as an arbitrary and inflexible one. Contrary'.holdings may be found in Connecti *325 cut, Kentucky, North. Carolina, South Carolina, Virginia, West Virginia and Missouri.
From these various decisions, a line of holdings may be culled out, modifying the arbitrary rule to the extent that the good reputation of the plaintiff will be presumed, and proof thereof be inadmissible except where that reputation is attacked either in the pleadings or the proof, or where justification is pleaded.
From an analysis of all the decisions on both sides of the question, it will be found that the better considered decisions, those going into fundamental reasoning, clearly qualify this old arbitrary rule, and hold that the good reputation of the plaintiff is presumed only until it is either attacked by the pleading or proof.
The Canadian rule, announced in Odgers on Libel & Slander (5 ed.), 391, is nob only comprehensive, clear, and definite, but is based upon a careful analysis of both ancient and modern decisions upon the subject. The following is the announcement as made in the text:
“The plaintiff can not give evidence of general good character in aggravation of damages merely, unless such character is put in issue on the pleadings ; or has been attacked by the cross-examination of the plaintiff’s witnesses; for till then the plaintiff’s character is presumed good.”
This same doctrine is not only recognized but affirmatively announced in the case of Harding v. Brooks, 5 Pick. (Mass.), 244; and to the same effect are the cases of Rhodes v. Ijames, 7 Ala., 574; Coop *326 er v. Phipps, 24 Ore., 357, and Harbison v. Shook, 41 Ill., 141.
The court of appeals of the state of New York had the identical question before it in the case of Stafford v. The Morning Journal Association, 142 N. Y., 598, wherein it was held:
“In an action for libel the complaint averred that plaintiff was of ‘good character and repute, and enjoyed the respect of her friends and acquaintances and of the community.’ This was put in issue by the answer. Testimony was offered by plaintiff on the.trial to .prove her allegations, which was received under objection and exception. Held, that in the absence of a disclaimer on the part of defendant when the objection was raised, of any purpose of questioning plaintiff’s reputation, the reception of the testimony was not error; that while it was unnecessary for plaintiff to make the averment, having-done so, and defendant having made an issue thereon, this opened the door for the evidence.”
We are persuaded that this modification of the old and arbitrary rule rests upon good logic and sound reasoning, and is in entire harmony with the simple rules of pleading and practice in all civil cases. This does not mean an abrogation of the old rule in any sense, but a qualification thereof, perr mitting proof of the general good reputation of the plaintiff at the time that reputation is attacked, but not until then.
A careful reading of. the old ease of Dewit v. Greenfield, 5 Ohio, 225, will disclose a recognition of this rule; also the case of Iler v. Cromer, W., 441.
This conclusion seems to us to be sound, and the principle laid down in the Blakeslee case, supra, un *327 sound. The Blakeslee ease will therefore be overruled as not being in harmony with the best thought and better-considered decisions upon this subject. Neither is it in harmony with prior decisions upon the subject by this court.
An issue having been made on the question of reputation by the allegations of the petition and denial of the answer, the plaintiff might properly offer proof to sustain the allegations of his petition, and the trial court having admitted the testimony in evidence and the court of appeals having reversed for that sole error we find that the judgment of the court of appeals must be reversed and that of the court of common pleas affirmed.

Judgment reversed.

Marshall, C. J., Wanamaker, Robinson, Matthias and Clark, JJ., concur.