### LESTER v. GAY. (7 Div. 778.)

Supreme Court of Alabama. May 24, 1928.

**1. Exceptions, bill of ⟜36(3)—Bill of exceptions, presented to trial judge within 90 days of judgment overruling motion for new trial, held timely (Code 1923, § 6433).**

Under Code 1923, § 6433, bill of exceptions presented to trial court within 90 days of judgment overruling motion for new trial, but more than 90 days after verdict and judgment, *held* timely.

**2. Evidence ⟜106(1)—Evidence of defendant's good character is inadmissible until drawn in question by plaintiff's evidence.**

Except in actions for slander or libel, testimony as to defendant's good character is inadmissible in civil actions, unless and until that character has been drawn in question by plaintiff's evidence, and mere contradiction of defendant as a witness does not authorize such evidence.

**3. Assault and battery ⟜29—That action against physician involved charge of willful malpractice held not to authorize proof of defendant's good reputation and character on issue of guilt.**

That action against physician for indecent assault and battery on his patient involved charge of willful malpractice did not permit defendant to excuse himself by proof of high reputation, or call for the admission of evidence of character on issue of guilt.

**4. Trial ⟜75—Plaintiff's, testimony rebutting defendant's evidence of good character previously admitted over objection held not to open way for that evidence.**

Plaintiff's introduction of evidence rebutting defendant's previous testimony tending to establish his good character as a man and as a physician *held* not to open the way for that evidence admitted over plaintiff's objection.

**5. Assault and battery ⟜29—Plaintiff's reputation for chastity cannot be put in issue, nor specific acts of impropriety shown in mitigation, unless plaintiff's consent to alleged indecent assault is in issue.**

In action for indecent assault, the reputation of the female plaintiff for chastity cannot be put in issue by defendant, nor can specific acts of impropriety be shown in mitigation, unless as one of the controverted issues the consent of plaintiff is brought into question.

**6. Assault and battery ⟜29—Plaintiff's testimony that she was modest held to open door for attack on her reputation for chastity, but not proof of specific acts.**

Where plaintiff, suing physician for indecent assault and battery while being treated as a patient, before her reputation had been attacked offered testimony to the effect that she was a modest and refined woman, defendant was authorized to introduce .evidence attacking her reputation for chastity, but not proof of specific acts.

**7. Attorney and client ⟜20—That attorney, before his employment by defendant, had spoken with plaintiff's husband respecting action, held not to render his employment by defendant improper.**

That attorney had spoken with plaintiff's husband in relation to the action for indecent assault and battery brought by plaintiff before his employment by defendant *held* not to render his employment by defendant improper.

**8. Evidence ⟜510—Testimony that plaintiff suing physician for indecent assault was neurasthenic and in passing out of faint would probably have hallucinations held subject for medical opinion.**

In action against physician for indecent assault on plaintiff while she was his patient, testimony that plaintiff was a neurasthenic and hysterical person and that it was possible, or even probable, that a person when passing into or out of a faint would have hallucinations and believe that things plaintiff had described had happened to her, though in fact they had not, *held* proper subject for expert medical opinion.

**9. Evidence ⟜512—Permitting medical experts to testify that treatment given plaintiff suing physician for indecent assault was proper held not error.**

In action against physician for indecent assault on plaintiff while she was his patient, permitting medical witnesses to testify that prescriptions given by defendant to plaintiff on occasions in question were proper in treatment of nervous conditions, and that treatment to which defendant testified was correct in case of women complaining as defendant testified plaintiff had complained to him, *held* not error.

Appeal from Circuit Court, Clay County; E. S. Lyman, Judge.

Action for damages for assault and battery by Gladie Judson Lester against S. J. Gay. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

Walter S. Smith, of Lineville, for appellant.

The conduct complained of constituted an assault and battery. Walker v. State, 132 Ala. 11, 31 So. 557; Balkum v. State, 115 Ala. 117, 22 So. 532, 67 Am. St. Rep. 19; 5 C. J. 731; 2 A. & E. Ency. L. (2d Ed.) 975. In a civil action for assault and battery, the repu-

---

⟜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

tation of the defendant is not in issue, and testimony of his good character, etc., is not admissible either to rebut malice or mitigate the damages. 2 A. & E. Ency. Law (2d Ed.) 1001; 16 Cyc. 1263; 5 C. J. 680; 22 C. J. 470; Drummond v. Drummond, 212 Ala. 242, 102 So. 112; Rhodes v. Ijames, 7 Ala. 574, 42 Am. Dec. 604; Holley v. Burgess, 9 Ala. 728; Lord v. Calhoun, 162 Ala. 444, 50 So. 402; Davis v. Sanders, 133 Ala. 275, 32 So. 499; Thompson v. Bowie, 4 Wall. 463, 18 L. Ed. 423. Mere contradiction of defendant as a witness would not authorize proof of good character. Hancock v. Hullett, 203 Ala. 272, 82 So. 522; Alexander v. Alexander, 214 Ala. 291, 107 So. 836; Jones v. Bynum, 189 Ala. 677, 66 So. 639. The reputation of plaintiff should not have been called into question. Sayen v. Ryan, 9 Ohio Cir. Ct. R. 631; Gore v. Curtis, 81 Me. 403, 17 A. 314, 10 Am. St. Rep. 265; Derwin v. Parsons, 52 Mich. 425, 18 N. W. 200, 50 Am. Rep. 262; Com. v. Kendall, 113 Mass. 210, 18 Am. Rep. 469. Defendant having been improperly allowed to assail the character of plaintiff, she was properly permitted to sustain it by evidence of good character. Goldsmith v. Picard, 27 Ala. 142; Findlay v. Pruitt, 9 Port. 195; 22 C. J. 65.

Pruet & Glass and J. J. Cockrell, all of Ashland, for appellee.

The bill of exceptions can be looked to only as to matters contained in the motion for new trial; otherwise it was presented too late. Code 1923, §§ 6433, 6434; Massey v. Pentecost, 206 Ala. 411, 90 So. 866; Shipp v. Shelton, 193 Ala. 658, 69 So. 102. When the general character of defendant is placed in issue by plaintiff, defendant may rebut same by showing his general character to be good. Goldsmith v. Picard, 27 Ala. 142; Findlay v. Pruitt, 9 Port. 195; Havis v. Taylor, 13 Ala. 327; Knox v. Rives, 14 Ala. 257, 48 Am. Dec. 97; Blakey v. Blakey, 33 Ala. 620; Ford v. State, 71 Ala. 389; Gibson v. State, 91 Ala. 69, 9 So. 171; Miller v. Whittington, 202 Ala. 406, 80 So. 504; Gibson v. Gaines, 198 Ala. 583, 73 So. 929; Alexander v. Alexander, 214 Ala. 291, 107 So. 835; Holley v. State, 105 Ala. 100, 17 So. 102; Newton v. Jackson, 23 Ala. 335; Hadjo v. Gooden, 13 Ala. 718.

SAYRE, J. [1] The bill of exceptions was presented to the trial judge more than 90 days after the verdict and judgment, but within 90 days of the judgment overruling the motion for a new trial. Appellee objects to the consideration of assignments of error based upon rulings at the trial, but not set out as grounds of error in the motion for a new trial, judgment upon which was delayed for more than a year after the trial. The objection has a grateful sound when heard in connection with the fact that 485 rulings of the trial court have been assigned for error, but must be overruled nevertheless because the statute, section 6433 of the Code, now provides that:

"Presentation of the bill of exceptions within ninety days after the granting or refusing of a motion for a new trial shall be sufficient to preserve for review the rulings of the trial court on the trial of the original cause, as well as the ruling of the court on the motion for a new trial."

The language of the statute has been changed in the respect under consideration since the decision in Massey v. Pentecost, 206 Ala. 411, 90 So. 866, cited by appellee.

The action was for an alleged assault and battery committed by defendant (appellee), a physician, on the person of plaintiff, a woman, his patient. Without going into details, it will suffice to say that plaintiff's case was that defendant in the course of a pretended treatment, lasciviously manipulated her person and finally proposed sexual intercourse with her. Walker v. State, 132 Ala. 11, 31 So. 557. Defendant, admitting that in response to plaintiff's statement of her case and her request for treatment he had made an intimate examination, asserted that he had proceeded in strict agreement with professional ethics and emphatically denied any wrongdoing. The jury found a verdict in agreement with his version of the facts.

[2] Many of the assignments of error show exceptions reserved by plaintiff against rulings which allowed testimony going to show defendant's general good character, his high reputation as a physician, and his character for truth and veracity. Appellee appears to recognize the rule, observed by the courts in this state and generally elsewhere, to the effect that in civil actions testimony as to the good character of defendant is inadmissible unless and until that character has been drawn into question by evidence offered on behalf of plaintiff, and the mere contradiction of the defendant as a witness does not authorize such evidence. Drummond v. Drummond, 212 Ala. 242, 102 So. 112; Hancock v. Hullett, 203 Ala. 272, 82 So. 522. Other adjudications to the same effect may be found cited in these two cases. The rule is settled in this state. As to the last clause of the above-stated proposition of law, Owens v. White, 28 Ala. 413; Baucum v. George, 65 Ala. 259; Alexander v. Alexander, 214 Ala. 291, 107 So. 835. There are civil cases in which the character of the plaintiff, i. e., general reputation achieved by a course of life and conduct, is admissible in evidence, "such as actions for slander, criminal conversation, and breach of marriage contract." Owens v. White, supra. The correct rule, we think, is stated in Jones on Evidence, § 149, where it is laid down that:

"Although in civil actions evidence of character is not admissible to sustain the cause of action or defeat a recovery, there is a class of actions in which, from the nature of the issue, evidence of character is relevant as to the meas-

· *ure of damages.* Perhaps this is most frequently illustrated in actions for *slander or libel.*"

Under the rule thus laid down by the authorities the general reputation of defendant was not admissible as bearing on the issue of guilt vel non, and, of course, should not have been admitted with the purpose of mitigating the damages, if any, suffered by plaintiff.

[3, 4] Defendant, appellee, seeks to avoid the consequences of the general rule of evidence obtaining in such cases on two considerations: (1) That the charge against him.involved a charge of malpractice. That the complaint as stated in the third count, and as developed by the evidence under all counts, involved a charge of willful malpractice is evident, but that, under the law, did not permit defendant to excuse himself by proof of high reputation nor call for the admission of evidence of character as relevant to the issue of guilt involved. (2) Defendant alleges in brief that plaintiff opened the way for this evidence. This allegation is based upon the showing of the absent witness, Tommie Wilkerson, put in evidence by plaintiff. But this showing was offered in rebuttal of defendant's evidence tending to establish his good character as a man and a physician. It detailed the circumstances of an occasion when the witness said he saw defendant in a compromising position with a young woman down near the mill. There was no objection to the admission of this showing, and we do not consider its admissibility. 22 Cyc. 483. It is enough at this point to repeat that it was offered in rebuttal, after defendant's evidence as to character had been admitted over plaintiff's objection, and that it did not open the way for that evidence.

[5, 6] In an action for indecent assault the reputation of the female plaintiff for chastity cannot be put in issue by the defendant, nor can specific acts of impropriety be shown in mitigation unless as one of the controverted issues the consent of the plaintiff is brought into question. Gore v. Curtis, 81 Me. 403, 17 A. 314, 10 Am. St. Rep. 265; Derwin v. Parsons, 52 Mich. 425, 18 N. W. 200, 50 Am. Rep. 262. In this case defendant, as we have indicated, denied emphatically that he had done any wrong, so that no question as to plaintiff's consent was raised. However, plaintiff, before her reputation had been attacked, offered testimony to the effect that she was a modest and refined woman. This, we think, in a case of this peculiar character, opened the door for defendant's assault upon her reputation for chastity, but not for proof of specific acts.

[7] Plaintiff objected to the appearance of Mr. Cockrell as attorney for defendant on the ground that he, the attorney, had been in consultation with plaintiff's husband with a view to his employment to bring suit for plaintiff and had therefore acquired confidential knowledge of plaintiff's case. Mr. Cockrell, in his place as attorney, stated to the court that he had had no offer of employment to represent the plaintiff; that plaintiff's husband had mentioned the matter to him, but that he had not advised plaintiff or her husband further than to say that it seemed to him "that it was a case for the grand jury."

We do not think Mr. Cockrell's appearance as one of the attorneys for defendant was improper in the circumstances.

[8] Plaintiff testified that on the occasion when defendant visited her at her home and manipulated her person in an indecent manner she told defendant that she was turning sick, whereupon he kissed her and made an improper proposal. As bearing upon the state of the case thus brought into view defendant was allowed by the testimony of expert witnesses, physicians, to introduce evidence to the effect that plaintiff was a neurasthenic and hysterical person, and that it was possible, or even probable, that a person when passing into or out of a faint would have hallucinations and believe that such things as plaintiff had described had happened to her though in fact they had not. This was the proper subject for expert medical opinion.

[9] There was no error in allowing the medical witnesses to testify that prescriptions given by defendant to plaintiff on the occasions in question were proper in the treatment of nervous conditions, and that the treatment to which defendant testified—the use of tampons—was correct in the case of women complaining as defendant testified plaintiff had complained to him.

What has been said will suffice for another trial.

Reversed and remanded.

ANDERSON, C. J., and GARDNER, and BOULDIN, JJ., concur.