Hart, J.
 

 The defendant, among other alleged errors complained of in the trial of this case, claims that the court erred in refusing, upon request, to charge the jury upon the lesser included offense of assault and battery.
 

 Aside from the evidence of the fact that the defendant dealt the decedent a blow on the side of the face or back of the neck, the only substantial additional evidence in the record tending to prove that the blow caused the death is the testimony of the coroner to the effect that the blow
 
 could have
 
 caused the death, and the testimony of a physician and surgeon to the effect that it was improbable that the blow caused the death of the decedent. Causal connection between the blow of the defendant and the death of the decedent was an essential element of proof to warrant a conviction of the defendant on the charge either of murder in the first degree, murder in the second degree or manslaughter, and under the evidence the court in its
 
 *131
 
 charge was obliged to submit and did submit that issue to the jury. Since the cause of the death of the decedent was a necessary issue in the case, and since the jury could have found for the defendant on that issue and consequently that he was not guilty of either murder in the first degree, murder in the second degree or manslaughter, a charge on assault and battery was necessary to properly submit the case to the jury.
 

 In the case of
 
 Marts
 
 v.
 
 State,
 
 26 Ohio St., 162, this court held:
 

 “4. On the trial of an indictment for murder it is competent for the jury, where the evidence justifies it, to find the defendant guilty of an assault and battery only) and it is "error to the prejudice of the defendant to instruct the jury otherwise. ’ ’
 

 Again, in the case of
 
 Windle
 
 v.
 
 State,
 
 102 Ohio St., 439, 132 N. E., 22, this court held:
 

 “An indictment charging, in separate counts, shooting with intent to kill and shooting with intent to wound includes the lesser offenses of assault and battery and assault, and where upon trial the evidence tends to support such lesser offense or offenses, it is the duty of the court to charge the' jury with reference to such lesser offense or offenses.
 
 (State
 
 v.
 
 McCoy,
 
 88 Ohio St., 447, modified.)” See, also,
 
 Freeman
 
 v.
 
 State,
 
 119 Ohio St., 250, 163 N. E., 202. In the opinion of this court, the refusal of the trial court to charge on the subject of assault and battery was prejudicial error.
 

 The defendant complains further that the trial court erred to his prejudice in permitting the state, over his objection, to cross-examine him and present rebuttal evidence to refute his denials upon matters tending to impugn his character but wholly disconnected with the offense charged notwithstanding he had offered no evidence of his good character.
 

 
 *132
 
 The court had permitted the defendant, on direct examination, to give a detailed history of his life including information as to his birth, family connections, schooling and the character of his employments, for the purpose, as stated by his counsel, “to show his background.” The state, claiming this testimony was offered by the defendant in the nature of character evidence to persuade the jury that he was a law-abiding, industrious, peaceable person, on cross-examination interrogated him with reference to alleged acts of misconduct which were derogatory to his character.
 

 On such cross-examination, the defendant, over objection, was interrogated as to whether" he sold whiskey at his place of business on Sunday; what kinds and brands of liquor he sold and where he procured them; whether he ran a gambling spot at his place; whether his liquor license had been suspended for violation of law; who his barmaids were and what names they were called by him and by his customers; whether he had been arrested several times and for what offenses, including the alleged embezzlement of $10 with which he had been intrusted by a fellow companion to give to the latter’s girl friend and which he had spent but had repaid; whether his wife had had him arrested for failure to support their son; whether he had assaulted a man named Hudson in his place because Hudson refused to loan him money won at gambling in defendant’s place; whether there was a lawsuit pending against defendant to recover damages for such assault; whether he had gotten his brother out of town so he could not testify in this case; whether he had not broken up the family of one of his barmaids, a married woman, by going out with her and paying attention to her and in that connection assaulting her husband who objected to his attentions; whether he had ever hit a woman over the head with a beer bottle;
 
 *133
 
 whether in addition to his cafe business he sold hot stuff; and whether he had bought a gun through the fence, the court striking out the words “through the fence.”
 

 To these inquiries the defendant made some admissions or partial admissions, but in most instances entered denials. The only witness called to rebut the denials made by the defendant was Harold Hudson who testified that he had gambled at the defendant’s place; that he won “around $100” in a game there from the defendant, whereupon the defendant asked to borrow the money from him and when the witness refused, the defendant slugged him several times and grabbed the money out of his hand. Hudson testified also that the defendant assaulted him when he found him with his younger brother.
 

 An examination of the testimony offered on behalf of the defendant disclosed that he had not placed his character or reputation in issue either for truth or veracity or pacific conduct. No effort was made to show that these collateral instances or circumstances had any bearing upon the motive, intent, or planning of the accused in committing the specific offense with which he was charged. In the opinion of the court, this type of cross-examination on immaterial and collateral matters was improper and wholly unjustified, erroneous and prejudicial to the defendant. The law on this subject is stated in 12 Ohio Jurisprudence, 325, Section 316, as follows:
 

 ‘ ‘ The presumption is in favor of the good character and the good reputation of the accused. And until the defendant offers evidence of his general good character or reputation, the prosecution cannot offer testimony of his bad character or bad reputation. In other words, the prosecution cannot prove the general bad character of the defendant, when he offers no evidence of chara’cter, nor can particular facts he shown
 
 *134
 
 for the purpose of affecting character, or particular acts proven of which the record gives him no notice, and which he, therefore, cannot be expected to meet.”
 

 The law applicable to such a situation is also stated in 20 American Jurisprudence, 305, Section 326, as follows: “* * * evidence on behalf of the state in a criminal prosecution attacking the character of the accused for the purpose of impugning him as a defendant, where he puts his good character in issue by introducing evidence to sustain the same, must be confined to his general reputation for the particular traits involved in the offense charged [citing
 
 State
 
 v.
 
 Williams,
 
 337 Mo., 884, 87 S. W. (2d), 175, 100 A. L. R., 1503]. Evidence of specific acts or of conduct of a person upon particular occasions, bearing upon his character, is usually held to be inadmissible [citing
 
 State
 
 v.
 
 Dickerson,
 
 77 Ohio St., 34, 82 N. E., 969, 13 L. R. A. (N. S.), 341, 122 Am. St. Rep., 479, 11 Ann. Cas., 1181;
 
 Lester
 
 v.
 
 Gay,
 
 217 Ala., 585, 117 So., 211, 59 A. L. R., 1561]. The admission of such evidence would raise collateral issues and divert the minds of the jurors from the matter at hand. It is manifestly unfair to compel a. party to defend specific acts alleged as proof of bad reputation or character, although he must be prepared to defend his general reputation. This rule is applicable to evidence in rebuttal as well as to original testimony. Thus, the state in rebutting the evidence of the defendant’s good character is confined to evidence showing his general reputation as to having a bad character, and not to specific acts derogatory to his good character.”
 

 In the case of
 
 State
 
 v.
 
 Moore,
 
 149 Ohio St., 226, 78 N. E. (2d), 365, this court held:
 

 “In a prosecution for felonious homicide, testimony as to threats made by the defendant against a third person sometime prior to the killing, with which for
 
 *135
 
 mer incident the deceased had no connection and which formed no part of the affair in which the deceased was killed, is not, over objection, admissible in evidence against the defendant.” See, also,
 
 Hamilton
 
 v.
 
 State,
 
 34 Ohio St., 82;
 
 Wagner
 
 v.
 
 State,
 
 115 Ohio St., 136, 152 N. E., 28.
 

 The rebuttal evidence given by Hudson in this case was improper.
 
 Smith
 
 v.
 
 State,
 
 125 Ohio St., 137, 180 N. E., 695. See
 
 Maranda
 
 v.
 
 State,
 
 17 Ohio App., 479, 491;
 
 State
 
 v.
 
 Hickman,
 
 77 Ohio App., 479, 67 N. E. (2d), 815. The cross-examiner is not permitted to introduce rebuttal evidence to contradict the witness on collateral matters. Underhill’s Criminal Evidence (4 Ed.), 808, Section 401.
 

 Among other claimed errors, the defendant contends that the evidence as to the cause of decedent’s death was not sufficient to support a verdict of guilty and that there was not sufficient evidence of an intent to kill which is a necessary element in the crime of murder in the second degree of which offense he was convicted, but since the judgment of the Court of Appeals must be reversed and this cause remanded to the trial court for a new trial, it will not be necessary for this court to pass upon these alleged errors.
 

 The judgment of the Court of Appeals is reversed and the cause is remanded to the Common Pleas Court for further proceedings according to law and this opinion.
 

 Judgment reversed.
 

 Matthias, Stewart and Taft, JJ., concur.
 

 Turner, J., concurs in the judgment.
 

 Weygandt, C. J., and Zimmerman, J., dissent.