**STATE, Plaintiff-Appellee, v. BEDNARIK, Defendant-Appellant.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3463.   Decided May 24, 1955.

Wm. A. Ambrose, Pros. Atty., H. H. Hull, Asst. Pros. Atty., Youngstown, for plaintiff-appellee.

Herbert, Tuttle, Applegate & Britt, Columbus, for defendant-appellant.

(KOVACHY, PJ, SKEEL and HURD, JJ, of the Eighth District, sitting by designation in the Seventh District.)

See, also, 71 Abs 49.

## OPINION

By SKEEL, J:

This appeal comes to this court on questions of law from a judgment and sentence of life imprisonment entered upon the verdict of a jury finding the defendant guilty of murder in the first degree, with a recommendation of mercy. The defendant is now confined in the penitentiary, where he has been since conviction on March 18, 1947. This court, upon application duly filed, granted the defendant leave to appeal under the provisions of §2953.05 R. C., as shown by a journal entry of Feb. 3, 1955. This journal entry provided in part:

"The court having heard the arguments of counsel and being fully advised in the premises finds that the trial court failed to charge the jury in this cause on the included offenses of murder in the second degree and manslaughter when the evidence was such as to require such

instructions to be given, that such action was and is a circumstance which demands that the defendant appellant be permitted to have his case reviewed in this court. * * *."

The foregoing journal entry was filed after this court filed its conclusions of law and fact after the trial of the motion, in the form of an opinion. Such opinion was filed in the case on December 21, 1954.

Upon being granted leave to appeal, the defendant filed his bill of exceptions which has been allowed by the trial judge, and his assignments of error and brief. The assignments of error are as follows:

"1. The court having omitted in its general charge to instruct the jury as to what constituted second degree murder and manslaughter, was thereupon requested by defendant to charge the jury upon this phase of the case, and the court did refuse to charge the jury as to what constituted second degree murder and manslaughter.

"2. The court having refused to charge the jury as to what constituted second degree murder and manslaughter, did refuse to submit verdict forms to the jury covering second degree murder and manslaughter."

We have re-examined the bill of exceptions and find that the conclusions to which we came on the motion for leave to appeal are clearly sustained by the record. The evidence was such that the defendant was entitled as a matter of law to have the court instruct the jury that if they found the state had failed to establish the defendant's guilt of the crime of murder in the first degree, they should find him not guilty of the crime charged and then proceed to examine the evidence to determine the question of whether or not the defendant was guilty of murder in the second degree, defining the elements of such included offenses to guide the jury in their consideration of this phase of the case. A like charge on manslaughter should also have been given.

The defendant's evidence puts clearly in issue whether or not a robbery was in progress at the time the deceased came to his death, and also whether the gunshot that caused the deceased's death was discharge purposely to kill the deceased, or was in fact accidentally discharged. As is disclosed by the opinion of this court filed on the motion for leave to appeal, such evidence brings the case within the rules of law stated in the following cases:

Marts v. State, 26 Oh St 162; Windle v. State, 102 Oh St 439, 132 N. E. 22; Freeman v. State, 119 Oh St 250, 163 N. E. 202; State v. Cochran, 151 Oh St 128, 84 N. E. 2d, 742; State v. Muskus, 128 Oh St 276, 109 N. E. 2d, 15.

The second assignment of error must also be sustained. If the trial judge was, by law, required to charge on the law of the included offenses, it was the duty of the court to furnish the jury with forms of verdict in conformity with the charge.

For the foregoing reasons, the judgment appealed from is reversed as contrary to law, and the cause remanded for further proceedings according to law. Exceptions noted. Order see journal.

KOVACHY, PJ, HURD, J, concur.